55 So.2d 915 (1952)
POWELL
v.
METZ et al.
Supreme Court of Florida, Special Division A.
January 4, 1952.
F.E. Gotthardt, Miami, for appellant.
Victor B. Hutto, Miami, and Lawrence G. Ropes, Jr., Miami, for appellees Frederick E. Metz and Rose M. Metz, his wife.
S.N. Smith, Vero Beach, for appellee W.H. Powell.
THOMAS, Justice.
Frederick E. Metz and his wife sued W.H. Powell and Estey M. Powell, one-time husband and wife, seeking a decree determining which one of the Powells was the proper person to receive payments on a purchase-money mortgage given by the Metzes to the Powells before the latter were divorced. Though the encumbered property was owned by Powell before his marriage to appellant, the mortgage was "Executed * * * to W.H. Powell and Estey M. Powell, his wife * * * Mortgagees."
The plaintiffs were in a quandary because each mortgagee was demanding all the deferred payments. As was inevitable, the suit developed into a dispute between the defendants, former spouses.
The chancellor concluded that the ownership of the mortgage had been declared in *916 the decree divorcing the parties and that he was therefore bound to hold that all money falling due on the mortgage belonged to the erstwhile husband. The better to understand this ruling, we have examined the original file in the appeal from that decree, which was affirmed in this court. Powell v. Powell, Fla., 49 So.2d 341. In the wife's bill of complaint the mortgage in question was listed with properties alleged to have been "accumulated through [the] joint efforts" of the parties, while in the husband's answer he expressly denied that the properties were acquired by their united endeavors.
The chancellor who entered the decree of divorce in another county specified that even though the wife had been at fault, entitling the husband to a divorce, she should, nevertheless, be provided with shelter for herself and children, periodic payments for their support, and transportation; so he ordered the husband to convey to her a house and lot and an automobile, and to pay her a stipulated amount monthly. He also directed that one-half of a designated bank deposit be delivered to the clerk to await the further order of the court. There was no mention of the mortgage with which we are presently concerned.
The appellant contends that in this situation Section 689.15 Florida Statutes, 1949, and F.S.A., applied; that is to say, the instrument constituted an estate by the entireties which metamorphosed into an estate in common immediately the divorce was rendered, giving each spouse the right to one-half the installments paid thereafter.
We think this was the effect of the statute and that this result is not altered by the fact that the land was owned by Powell before he married appellant, because in taking the mortgage to both, as man and wife, he is presumed to have intended a gift to her of the property interest. Kollar v. Kollar, 155 Fla. 705, 21 So.2d 356. Such a presumption prevails unless overcome by conclusive evidence, but the exception does not apply here because no testimony was introduced. The matter was determined on a motion of both defendants for a summary decree, and no affidavits even were presented.
In his answer the husband offered little to refute the creation of an estate by the entireties. He dismissed the subject with the simple allegations that the notary public who prepared the note and mortgage "for some reason unknown to the defendant made the same payable to himself and Estey M. Powell, his wife at that time," and that this was "inadvertently" done.
Nor do we think the ruling in Finston v. Finston, 160 Fla. 935, 37 So.2d 423, dealing with the subject of prior adjudication supports the appellee-Powell's position that his ownership of the mortgage was determined in the divorce decree. He insists that this is the case because of the provision in that decree that the awards were made "in lieu of all further payments by the Defendant [husband] to the Plaintiff [wife] * * *." By no stretch of the language could the interest of the wife be considered a "payment." When the chancellor ignored the mortgage, he did not thereby attempt to divest her of her interest in the estate by the entireties, even if he could have done that.
The facts reflected in this record convince us that the moment the decree became effective the parties by operation of the statute became tenants in common, each entitled to one-half of the proceeds of the mortgage as paid; and we interpret the decree of the chancellor in the divorce case to have meant just that by omitting any reference to the mortgage. In other words, he intended not to disturb the right in it that each held.
The decree is reversed with directions to revise it to comport with these views.
Reversed.
SEBRING, C.J., TERRELL, J., and MURPHREE, Associate Justice, concur.