96 So.2d 663 (1957)
John Thomas LAUDERDALE, Appellant,
v.
Myrtle LAUDERDALE, Appellee.
No. 57-1.
District Court of Appeal of Florida, Third District.
July 30, 1957.
Rehearings Denied August 13, and September 3, 1957.
*664 Arden E. Jensen and Jack Moore, Miami, for appellant.
Charles J. Bodner, Miami, for appellee.
CARROLL, CHAS., Chief Judge.
The appellant John Thomas Lauderdale was the defendant in his wife's suit under Section 65.09, F.S.A., for alimony unconnected with divorce. She charged him with extreme cruelty, and sought alimony, suit money and an accounting and division of property.
The husband did not contest the wife's charge of extreme cruelty, and the trial concerned only the questions relating to the provisions to be made for alimony and child support, the wife's efforts to obtain certain assets and the allowances of attorney fees and costs.
The Chancellor's decree granted the wife separate maintenance and custody of the minor child, and gave them the right to live in the home. The Court allowed the husband also to continue living there, and required him to maintain the residence premises, and in addition ordered the husband to supply the wife with a car and to pay her $50 a week. The decree denied a claim the wife made to certain assets of the husband amounting to $3,274.72, but ruled in her favor on a check for $15,903.85, made payable to the two of them, representing proceeds of a purchase money mortgage which had been made out to them jointly. Of that, the Court ordered that the wife receive one-half, and that attorney's fees and costs be paid by the husband out of his half. A $150 temporary fee for the wife's attorney was supplemented by an allowance of $1,000 in the final decree. By a later order the court costs were charged against the husband, the Court refusing to include as costs to be paid by him certain large fees incurred to real estate and legal experts who were produced as witnesses for the wife.
The husband assigns as error: (1) the award of $50 a week for alimony and child support as being too much, (2) the awarding to the wife of half the proceeds of the jointly held mortgage, (3) the allowance of the wife's attorney fees, (4) the denial of his petition for rehearing, and (5) the charging of costs against him.
The wife cross appealed, with six assignments of error, challenging these features *665 of the decree: (1) allowing the husband to continue to reside in the common dwelling, (2) that the $50 a week allowed to her was not enough, (3) that the attorney fees allowed were not enough, and (4, 5 & 6) failure to charge her expert witness fees as costs against the husband.
This appeal and cross appeal represent an example of an effort to have an appellate court review the record and evidence, and substitute its views on allowances for alimony and support, attorney's fees and costs, for those of the trial judge; in short, to retry the suit.
It is not the function of an appellate court, nor the policy or practice of this court to retry cases.
This suit was thoroughly tried in the circuit court. Over two hundred and fifty pages of testimony were taken, and thirty-four exhibits were filed. The evidence covered the activities of these parties over a long period of time. They were married in 1925. They were farmers, and he was a carpenter, and he dealt in real estate. She helped him for many years, but encountered ill health the last eight years. Now sixty years old, she has diabetes and other ailments.
An experienced Chancellor assessed the evidence, and, exercising his discretion, determined and fixed the provisions for alimony and child support, and for attorney fees and costs. We refuse the request which this appeal presents to substitute our judgment for that of the Chancellor on those matters.
In providing for allowance or alimony in suits for separate maintenance, Section 65.09, F.S.A., says: "* * *; and the court shall have power to grant such temporary and permanent alimony and suit money as the circumstances of the parties may render just; * * *."
A Chancellor's decree, made on consideration of the evidence and in exercise of his discretion, awarding alimony, suit money and costs, will not be disturbed by an appellate court unless an abuse of discretion is clearly shown, and the party complaining on appeal has the burden of demonstrating on the record such abuse of discretion. Snider v. Snider, 155 Fla. 788, 21 So.2d 546; Blue v. Blue, Fla. 1953, 66 So.2d 228; and Astor v. Astor, Fla. 1956, 89 So.2d 645.
"* * * The awarding of alimony and the amount thereof is a matter resting within the sound judicial discretion of the chancellor before whom the cause is pending. Rubinow v. Rubinow, Fla. 1940, 40 So.2d 561. A party dissatisfied with an award of alimony must carry the burden here of showing that the lower court abused its discretion with respect thereto. Kanter v. Kanter, Fla. 1949, 38 So.2d 685. * * *". Pross v. Pross, Fla. 1954, 72 So.2d 671, 672.
As to those allowances, no abuse of discretion is shown, and the assignments and cross assignments of error relating to them are ineffective. This includes the assignment directed to refusal of the court to grant the petition for rehearing. As to the provisions for alimony and support, if changing circumstances cause them to become too much or too little, necessary relief may be gained under Section 65.15, F.S.A., for modification of such decrees.
A question remaining for determination is raised by the assignment of error contesting the Court's finding that the wife should have half of the $15,903.85, covered by the check made to the two of them. On sale by the husband of an interest in land in his name, in the conveyance of which the wife joined, he received back a mortgage made to both of them. That was in 1954. The check given to discharge the mortgage was made more than a year later. On the record of the transaction, the wife was a joint owner of the proceeds of the mortgage. For the husband *666 to prevail on that item, and to be entitled to a reversal of the decree awarding the one-half to the wife, the evidence would have to be clear, positive and unequivocal against joint ownership of the mortgage. This is so, because the sale by the husband taking back a purchase money mortgage payable to both husband and wife raised a presumption of a gift of a half interest therein to the wife.
In Strauss v. Strauss, 148 Fla. 23, 3 So.2d 727, 728, the Supreme Court said:
"When property is purchased by the husband and deeded to the husband and wife jointly, an estate by the entireties is created and the presumption of law is that it was intended as a gift to the wife which will be recognized and upheld until overcome by conclusive evidence. Francis v. Francis, 133 Fla. 495, 182 So. 833. This court is also committed to the doctrine that when the wife contributes money or labor over a period of years to the acquisition of property, she acquires a peculiar equity in it which may be enforced. Windham v. Windham, 144 Fla. 563, 198 So. 202."
Since personal property, as well as real estate, may be the subject of an estate by the entireties (Bailey v. Smith, 89 Fla. 303, 103 So. 833), what was said in the Strauss case above relating to an estate by the entireties in real estate applies equally to personal property such as the mortgage involved in this case.
In point, as to a mortgage so held, is Powell v. Metz, Fla. 1952, 55 So.2d 915, at page 916, where the Court said this:
"The appellant contends that in this situation Section 689.15 Florida Statutes, 1949, and F.S.A., applied; that is to say, the instrument constituted an estate by the entireties which metamorphosed into an estate in common immediately the divorce was rendered, giving each spouse the right to one-half the installments paid thereafter.
"We think this was the effect of the statute and that this result is not altered by the fact that the land was owned by Powell before he married appellant, because in taking the mortgage to both, as man and wife, he is presumed to have intended a gift to her of the property interest. Kollar v. Kollar, 155 Fla. 705, 21 So.2d 356. Such a presumption prevails unless overcome by conclusive evidence, * * *."
When the proofs relating to this item are tested against those rules, ample support appears for the Chancellor's ruling on that feature.
The wife raised a further question, by her assignment on cross appeal directed to that portion of the decree permitting her husband to continue to reside in the same house with her and the minor child. On her behalf it was argued that since she was granted her decree of separate maintenance she should be entitled to live apart from the husband and that she is deprived of the benefit of her decree when he is allowed to reside in the same house with her. However, it was conceded at the argument that the husband, subsequent to the decree, has removed himself from the premises and is no longer residing therein. That makes that particular question moot, at least for the present.
In the final decree the Chancellor expressly reserved jurisdiction to make other and further orders which the circumstances and equity and justice may require. If the husband later should decide to exercise his right to live in the house, then application could be made in the original suit for an appropriate order based on the then existing circumstances.
Appellee has requested that this Court order the husband to pay an additional fee for services of her attorney on this appeal. The fees allowed for the wife's attorney in the lower court are *667 deemed adequate, and on consideration of the amount thereof, and of the circumstances of the parties, the application for such additional attorney's fee is denied.
Affirmed.
HORTON and PEARSON, JJ., concur.