153 So.2d 24 (1963)
Angela M. ANDERSON, Appellant,
v.
Herbert C. ANDERSON, Appellee.
No. 62-148.
District Court of Appeal of Florida. Third District.
May 7, 1963.
Rehearing Denied May 29, 1963.
*25 Stuart L. Simon, Miami, for appellant.
Louis Schneiderman, Miami, and C.H. McWilliams, Coral Gables, for appellee.
Before HORTON, BARKDULL and HENDRY, JJ.
HORTON, Judge.
Appellant wife seeks review of that portion of a final decree of divorce which grants the appellee's counterclaim, declares him to be the sole mortgagee on a note and mortgage encumbering certain real property, and directs the mortgagor to make all future payments thereon to the appellee. We reverse.
In 1955, the property in question was conveyed to the appellee by his father as a gift. At the time it was encumbered by a $30,000 mortgage which was assumed jointly by the appellant and appellee. In due course, this obligation was fully satisfied by checks drawn upon a New York bank and signed by the appellant. At the trial, appellant contended this was a joint account and appellee contended it was his personal income property upon which the appellant was authorized to draw checks for certain specific purposes. The chancellor by his final decree found in effect that it was a joint account. The property was sold in 1959 to P.T. Paderewski who executed a note for $71,000 secured by a purchase money mortgage payable to both parties as mortgagees. All payments made by the mortgagor prior to the institution of this suit were by checks payable to both parties and deposited in the New York bank account. On March 6, 1961, the appellant brought suit seeking, inter alia, a divorce and a division of the parties' jointly owned property. Appellee answered and counterclaimed seeking reformation of the note and mortgage to make him the sole mortgagee. After trial, the chancellor entered the final decree appealed granting the appellant a divorce but ruling in favor of the appellee on his counterclaim.
Basically, the appellant contends that the chancellor erred in awarding the appellee sole ownership of the note and mortgage. We agree.
The note and mortgage carried the appellant and appellee as joint payees and mortgagees. The taking back of a purchase money mortgage payable to both parties as the result of a sale by the appellee raised a presumption of a gift of an interest therein to the appellant which could only be overcome by a clear, positive and unequivocal showing that no gift was intended. Lauderdale v. Lauderdale, Fla. App. 1957, 96 So.2d 663; see also Powell v. Metz, Fla. 1952, 55 So.2d 915; Strauss v. Strauss, 148 Fla. 23, 3 So.2d 727. On the record before us such a showing was not made.
Accordingly, that portion of the final decree appealed is reversed, and the cause is remanded for the entry of an amended decree not inconsistent herewith.
Reversed and remanded with directions.