153 So.2d 70 (1963)
June WITLIN, Appellant,
v.
Morris M. WITLIN, Appellee.
No. 62-464.
District Court of Appeal of Florida. Third District.
May 14, 1963.
Eli Breger and Harvey J. St. Jean, Miami Beach, for appellant.
Robert M. McClosky, Miami Beach, for appellee.
Before HORTON, BARKDULL and HENDRY, JJ.
HORTON, Judge.
Appellant, plaintiff and counter-defendant below, seeks review of an adverse final decree of divorce.
On December 22, 1961, plaintiff filed a complaint for separate maintenance seeking custody of the parties' minor children and temporary and permanent alimony and support money. Defendant answered and counterclaimed for divorce on the ground of extreme cruelty. The counterclaim contained a list of the assets amassed by the parties during approximately twenty years of marriage, consisting, for the most part, of real estate and stocks held in their joint names. It alleged that these assets were acquired solely through the defendant's efforts without contribution by the plaintiff and placed in the joint names of the parties solely for protective reasons. It further alleged that the defendant had at no time intended to make a gift of these assets or any portion thereof to the plaintiff. The counterclaim concluded with a prayer for divorce, a declaration by the court that the assets held in the joint names of the parties were solely owned by the defendant, and a grant of such reasonable allowances for alimony and support money as the court might deem proper. Trial of the cause culminated in the final decree appealed which granted a divorce in favor of the defendant on his counterclaim. The final decree contained, inter alia, the following provision:
"The Defendant, MORRIS M. WITLIN, be and he is hereby ordered to transfer, convey and assign, free and clear, the following described property to the Plaintiff, JUNE WITLIN, as a *71 lump sum alimony award." [Emphasis supplied]
This was followed by a list of jointly held real estate and stocks, a one-half interest in these being awarded the appellant, plus a 1961 automobile, household goods and $10,000 in cash.
The appellant contends that as a matter of law she is entitled to a one-half interest in the real estate and stocks held in the joint names of the parties and for that reason the award of a one-half interest therein as lump sum alimony was erroneous since it in fact gave her nothing.
When title to the real estate and stocks was taken in the joint names of the parties, there arose a presumption of a gift of an interest therein to the appellant which could only be overcome by a clear, positive and unequivocal showing that no gift was intended. See Anderson v. Anderson, Fla. App. 1963, 153 So.2d 24; Lauderdale v. Lauderdale, Fla.App. 1957, 96 So.2d 663; Powell v. Metz, Fla. 1952, 55 So.2d 915; Strauss v. Strauss, 148 Fla. 23, 3 So.2d 727. We have examined the record and conclude that no such showing was made. Therefore, the appellant is vested as a matter of law, upon dissolution of the marriage, with an undivided one-half interest in these properties. See § 689.15, Fla. Stat., F.S.A.; Bergh v. Bergh, Fla.App. 1961, 127 So.2d 481.
With this in mind we have examined that portion of the final decree relative to lump sum alimony and find it ambiguous and susceptible of conflicting interpretations, i.e., (1) the chancellor could have concluded that the property jointly held was solely owned by the appellee and intended to award the appellant a half interest therein, plus the household goods, car and $10,000 in cash; or (2) the chancellor may have concluded appellant was entitled to a half interest in the properties jointly owned and intended to award her as lump sum alimony the appellee's half interest therein, plus the household goods, car and cash; or (3) the chancellor could have merely intended to recognize the appellant's half interest in the property jointly held and in addition award her the household goods, car and cash.
Although we express no views as to whether or not the appellant should be awarded alimony, either lump sum or periodic, and if so, how much, nevertheless, we feel the chancellor should be given the opportunity to reconsider the question in the light of the views expressed herein.
We have examined the appellant's remaining contentions and conclude that they are without merit.
Accordingly, that portion of the decree appealed (paragraph 3) awarding lump sum alimony is reversed. The cause is remanded with directions to reconsider whether or not an award of lump sum or periodic alimony should be made and if so, in what amount or amounts. In all other respects the decree appealed is affirmed.
Affirmed in part, reversed in part and remanded with directions.