TILLMAN PEARSON, Judge.
The controlling question on this appeal is whether a lease of property owned by the husband, in which the lessors are described as “William E. Cantor and Edith Cantor, his wife” but in which it is provided that the rent payment shall be to the husband, is sufficient to create an estate by the entirety in the unaccrued rents. We hold that such a lease is not sufficient to support an implied grant to the wife and affirm.
The findings of fact in the final decree are not challenged on the appeal and therefore are adopted as the basis for this opinion. They are as follows:
“(a) The fee simple title of the real property described in the complaint was conveyed to William E. Cantor, now deceased, and he paid the full purchase price for said conveyance, as alleged in the complaint.
“(b) The said William E. Cantor, and the Plaintiff, Edith Cantor, his wife, as Lessors, gave a Ninety-Nine (99) Year Lease demising said real property to Jacob Levington and Margaret Leving-ton, his wife, as Lessees, dated *509 March 9, 1956, as alleged in the complaint as amended.
“(c) The first paragraph of Paragraph IV on Page 2 of said Ninety-Nine (99) Year Lease contains the words:
‘THE LESSEES AGREE TO PAY to the Lessors, as rent * * * >
These words were followed in said lease by words specifying the amount of rent to be paid and the times of payment.
“(d) The last paragraph of said Paragraph IV contains the words:
‘PAYMENT OF THE RENT required hereunder shall be made to WILLIAM E. CANTOR by the Lessees, at 124 Montague Street, Brooklyn (1) N.Y., or at such other place as the Lessors shall designate by notice in writing to the Lessees.’
“(e) There is nothing in the pleadings or record to show that said real property has been assigned as dower to the Plaintiff, in accordance with law, since the death of her husband, William E. Cantor.
“(f) Nothing in the record shows that the deceased, William E. Cantor, at any time executed any instrument in writing creating, granting, or transferring any interest in said real property, certain or uncertain, to the Plaintiff, in the manner required by Section 689.01, Florida Statutes.”
The main thrust of appellant’s argument is based upon the case of Tingle v. Hornsby, Fla.App.1959, 111 So.2d 274. The Hornsby case involved an appeal from a summary final decree in which the trial court held that there was no genuine issue of material fact and that the administratrix of the deceased husband was entitled as a matter of law to the proceeds of a contract of sale executed by a husband and wife jointly. The appellate court held that there was an issue of fact as to the intention of the husband and wife to create an estate by the entirety. We believe that the holding of the case is set forth in the following paragraph from the opinion.
“However, we do not mean to hold that title to every contract of sale executed by a husband and wife jointly will be vested in them by the entirety. Whether or not such an estate is created depends upon the nature of the transaction and the intent of the parties as reflected by the language employed in the contract. If by the plain language used it is clearly apparent that there was no intention to create an estate by the entirety, none will be presumed. On the other hand, if from the clear and unambiguous language of the instrument, it appears that the benefits were intended to accrue to the husband and wife jointly, such would give rise to the presumption that an estate by the entirety was intended.
“We are of the opinion that the language employed in the disputed contract here considered is no more inconsistent with an intention to create an estate by the entirety than with a contrary one. * * * ”
In the instant case the cause was fully litigated and the trial court in essence held that there was no clear intention expressed in the lease to create an estate by the entirety in the unaccrued rents. We think that this conclusion is supported by the well-recognized principle of law that unaccrued rent is an incident of the fee. See: Gray v. Callahan, 143 Fla. 673, 197 So. 396; 32 Am.Jur., Landlord and Tenant, § 429 (1941) ; 1 Thompson, Real Property, § 275 (perm. ed. rev. 1939).
It should be further noted, in support of the chancellor’s conclusion, that the husband is the sole grantor under this lease and that there is no implication of a gift as was the case in Powell v. Metz, Fla. *510 1952, 55 So.2d 915; Strauss v. Strauss, 148 Fla. 23, 3 So.2d 727; See also Lauderdale v. Lauderdale, Fla.App.1957, 96 So.2d 663; Anderson v. Anderson, Fla.App.1963, 153 So.2d 24. In the cases just cited there was a separate instrument presumably made at the husband’s direction in which the wife was granted her interest in the property. In the instant case it is sought to infer a tenancy by the entirety from the fact that the wife’s name appears as a lessor with the description “his wife”. Such an implication is against reason where, as in this case, it was necessary for the wife to join the husband in the lease instrument upon his prop» •erty in order to release her inchoate dower for the term of the lease.
We conclude therefore that the chancellor correctly determined the question of law presented.
Affirmed.