PEARSON, Judge.
This cause began as a divorce case. A divorce was ultimately granted, but only a portion of the property provisions of the final decree are here appealed. The appellant, Mildred Holton, is the former wife of the appellee, James Holton.
That portion of the final decree to which this appeal is directed finds as follows:
“6. During the course of the marriage of the parties hereto, an estate by the entirety was not created in the following described properties:
Lots 5 and 6 of Block F of Samuel Rhodes amended map of New Biscayne, a subdivision according to the Plat thereof, as recorded in Plat Book B, at page 16, of the Public Records of Dade County, Florida. The said Defendant, James Holton, is the sole owner of such Lots S and 6 of Block F of Samuel Rhodes amended map of New Biscayne, a subdivision according to the Plat thereof, as recorded in Plat Book B at page 16 of the Public Records of Dade County, Florida, and of the lease of said land to Aeroland Oil Company, dated February 10, 1960, which lease is for the term of twenty-five (25) years for the net rental of of $3,600.00 a year, payable $300.00 a month. Although the Public Records of Dade County, Florida, show the record title of said lease to be in the names of the parties hereto, it is hereby decreed that Mildred Holton has no right, title or interest in said land or in said lease and that the ownership of the same and all the right, title and interest in the same is hereby vested in the Defendant, James Holton, who is hereby decreed and declared by this Court to be the full owner and only owner of said land aforesaid and said lease aforesaid. Further, the said Mildred Holton is directed and ordered to execute any and all instruments necessary to show record fee simple title to be in the Defendant, James Holton, to Lots 5 and 6, in Block F of Samuel Rhodes amended map of New Biscayne, a subdivision according to the Plat thereof, as recorded in Plat Book B at page 16 of the Public Records of Dade County, Florida.”
The single point presented urges that the chancellor erred in finding that the evidence was sufficient to overcome the presumption of a gift to the wife. The parties held three parcels of real property in an estate by the entirety at the time of the decree. Only one parcel, which will be referred to as the “Aeroland property”, is involved on this appeal.
The Aeroland property was purchased by the husband prior to the marriage of the parties. In 1954, Mr. Holton arranged to borrow money from an attorney, Mr. Fred Pine. The purpose of the loan was to secure money to discharge outstanding judgments against Mr. Holton. The lender required that the loan be secured by a mortgage on the Aeroland property and another parcel, that the property be transferred into an estate by the entirety, and that the note and mortgage be executed by the husband and wife. This was done. Mr. Holton testified that Mrs. Holton agreed that she would deed the Aeroland property back to him, so that he would have the same ownership as before the loan. This testimony was denied by Mrs. Holton. The property was never reconveyed.
The mortgage was partially satisfied and the Aeroland property was released in 1958. In 1960, the property was leased to the Aeroland Oil Company. The lessors are *216 “Joseph James Holton and Mildred Holton, his wife.” The title remained as an estate by the entirety when the suit for divorce was filed on September 22, 1964.
Payments on the lease by Aeroland Oil were made by check to the husband and wife in their joint names. Mrs. Holton endorsed the checks and Mr. Holton deposited them in a bank account in his name, but from which he paid the household expenses.
In announcing' his decision, the chancellor set forth his reasoning as follows :
“In my judgment there is clear, positive and conclusive evidence that no gift was intended as to Lots 5 and 6. This conclusion arises from the circumstances surrounding the transaction handled by the late Fred Pine and the reasons for Mrs. Holton’s having been joined as a party to the deeds and mortgage in June of 1954; from the testimony that monies flowing from the Aeroland Lease were deposited in Mr. Holton’s account as distinguished from a joint account; from the testimony that Mrs. Holton endorsed Aeroland checks over to Mr. Holton consistently from 1960 up until this divorce proceeding was imminent, such checks to be deposited in Mr. Holton’s account.
“I do not base that finding upon any promise by Mrs. Holton to ‘re-convey’ her record interest in the property to Mr. Holton. It is my conclusion that neither of the parties considered that a gift had been made to Mrs. Holton of that property. In my judgment, Mrs. Holton thought that she had performed those technical niceties necessary to aid Mr. Holton in obtaining a loan. Mr. Holton did not surrender dominion over the monies flowing from his ownership of that property.”
The controlling legal point in this case was correctly analyzed by the chancellor. It may be simply stated: Is the presumption of a gift to the wife overcome when it is shown that the property was originally placed in an estate by the entirety for the; purpose of placing a mortgage on the property ?
The chancellor found, and the evidence supports his finding, that the husband’s-purpose in transferring the property was to-create an estate by the entirety so that he could obtain the loan. It is clear that the husband intended the result — an estate by the entirety. However, he may not have intended the full legal effect of the estate; that is, that his wife should have an ownership interest in the real estate.
The question becomes: Can one avoid the legal effect of the estate when he intended the creation of the estate for some purposes (the legal effect of the note and mortgage) but not for others (the legal effect between himself and his wife) ? The husband urges that he intended for the estate to be binding as to strangers but not between himself and his wife. This divisible intent, whereby one does not intend one of the legal effects of his fully understood act but does intend all others, is not a lack of intent as used in the cases which require a clear showing of an intent not to make a gift.
The husband urges a gift with an option to take the property back. It is significant that the option, if it existed, was never exercised. The claim of an absence of intent is made over ten years after the transfer and six years after the land was released from the mortgage.
All of the Florida cases seem to hold that conclusive evidence is necessary to overcome the presumption of a gift to the wife upon a transfer to an estate by the entirety. See Lauderdale v. Lauderdale, Fla.App. 1957, 96 So.2d 663; McFarland v. McFarland, Fla.App.1961, 131 So.2d 749. See also Powell v. Metz, Fla.1952, 55 So.2d 915.
The chancellor misapprehended the legal effect of the evidence when he found that the intent not to create an estate by the entirety was clear, positive and con- *217 •elusive. Therefore, that portion of the •decree which finds that the appellee, James Holton, is the sole owner of Lots 5 and 6 of Block F of Samuel Rhodes amended map of New Biscayne, a subdivision ac•cording to the Plat thereof, as recorded in Plat Book B at page 16 of the Public Records of Dade County, Florida, and of -the lease thereof to Aeroland Oil Company, is reversed. The cause is remanded for the entry of an amended decree holding that the appellant and appellee are tenants in common of all of the property described.
Reversed in part and remanded.