BARKDULL, Judge.
By this appeal, we are called upon to review one provision of a final judgment of divorce rendered by the trial court. The parties to this cause were married in 1967. Subsequently, they entered into an agreement to purchase certain real property. At the time of the closing, the husband took the title in his name solely and executed purchase money note ar^d mortgage. Thereafter, in September, 1968, the parties caused a deed to be executed which created an estate by the entireties in the said property. Subsequently, the appellant commenced an action in the trial court seeking *100 a divorce. The husband, by way of an amended answer, sought among other things so set aside the conveyance establishing the estate by the entireties in the aforesaid property. Upon final hearing, the trial judge found that the defendant “failed to prove the allegations of fraud or intentional misrepresentation or coercion by the Plaintiff * * * ” in attempting to set aside the deed which created the estate by the entireties, but nevertheless ordered the following:
* * * * * *
“ * * * that it is equitable to determine that the interest of the Plaintiff in the property now held in the joint names of both parties, is one-half of the unpaid balance of the purchase price, or FIVE THOUSAND THREE HUNDRED TWELVE DOLLARS & 16/100 * * *, and when the sum, together with interest at the legal rate from date is paid to Plaintiff by Defendant, that all of the title and interest of Plaintiff shall be conveyed by proper instrument to the Defendant and thenceforth the Defendant shall be the sole owner of title to said property payment to be made by Defendant to Plaintiff, on or before six months from date hereof.”
‡ $K ‡ ⅛ ‡ ‡
This appeal has been prosecuted by the wife, contending that the trial court erred in his disposition of her one-half interest of this property. We agree and reverse.
§ 689.15, Fla.Stat., F.S.A., provides that upon divorce parties that have an interest as tenants by the entirety in real property shall become tenants in common. Latta v. Latta, Fla.App.1960, 121 So.2d 42; Bergh v. Bergh, Fla.App.1961, 127 So.2d 481. The mere fact that the husband may have advanced all the consideration for the property is not a sufficient basis for divesting the wife of her interest as a tenant by the entirety. Kollar v. Kollar, 155 Fla. 705, 21 So.2d 356; Fletcher v. Fletcher, Fla.App.1961, 128 So.2d 434; McFarland v. McFarland, Fla.App.1961, 131 So.2d 749. In order for a husband to set aside a conveyance to a wife as a tenant by the entirety, it is necessary for him to overcome the presumption of a gift to the wife. Wilburn v. Wilburn, Fla.App.1962, 143 So.2d 518; Schoenrock v. Schoenrock, Fla.App.1967, 202 So.2d 571. Ordinarily, when a husband transfers property to his wife it is presumed to be a gift. Smith v. Smith, Fla.App.1965, 177 So.2d 351; Schoenrock v. Schoenrock, supra. The trial court having found no fraud or intentional misrepresentation or coercion on the part of the wife in obtaining the conveyance which established the tenancy by the entireties, and there being no finding that the husband overcame the presumption of the gift by clear and conclusive evidence [Strauss v. Strauss, 148 Fla. 23, 3 So.2d 727; Witlin v. Witlin, Fla.App.1963, 153 So.2d 70; Holton v. Holton, Fla.App.1966, 189 So.2d 214; Schoenrock v. Schoenrock, supra], the trial court erred in determining that the wife’s interest in this property was one-half of the outstanding balance on the purchase money note.
The record fails to disclose any basis for the trial court arriving at the determination that the wife’s interest in the property was one-half of a note owed to a third person. We reverse that portion of the final decree here under review, with directions to modify same by finding that upon entry of the divorce the parties became tenants in common to the real property subject to the outstanding mortgage lien.
Reversed, with directions to modify the final judgment.