284 So.2d 384 (1973)
Richard D. OWEN, Petitioner,
v.
Barbara G. OWEN, Respondent.
No. 43143.
Supreme Court of Florida.
June 27, 1973.
Rehearing Denied November 19, 1973.
Anthony V. Pace, Jr., Fort Lauderdale, for petitioner.
Ellen S. Mills of Kirsch, Druck, Mills & Jones, Fort Lauderdale, for respondent.
McCAIN, Justice.
By petition for certiorari we review a decision of the Fourth District Court of Appeal reported at 267 So.2d 893 which is in conflict with those cases hereinafter cited and vests jurisdiction with this Court pursuant to Fla. Const., Art. V, § 3(b)(3), F.S.A.
Petitioner-husband and respondent-wife were married in December 1965. No children were born as issue of this marriage, however, in August, 1968, petitioner adopted the respondent's two minor children.
During April 1969, the respondent conveyed certain Florida property (the domicile, then titled in the sole name of the respondent) to her attorney, who, joined by his wife, conveyed the same into the joint names of the parties hereto. The deed of conveyance read: "It is the intention of this deed to create an estate by the entireties in the grantees herein."
Also, in April 1969 the respondent deeded certain unimproved real property in the State of New York into the joint names of the parties hereto with right of survivorship.
After being at sea for some 51 months, the ship of domestic tranquility was swept onto the shoals. Out of the wreckage emerged the following trial court orders which in pertinent part (1) granted a divorce, (2) awarded attorney's fees to the respondent, (3) awarded a lump sum alimony award payable over a set number of months to the respondent, (4) awarded child custody and child support to the respondent, and (5) directed the petitioner to convey his interest in the Florida and New York real estate to the respondent.
Item (1) is not in contention, and we find no merit in petitioner's vituperations over items (2), (3) and (4). Item (5), however, commands different treatment.
The trial court's final judgment also held, "that neither party proved a special equity in the estate of the other and their prayers therefor are hereby denied." On appeal, this judgment was affirmed "Per Curiam" without opinion by the District Court of Appeal.
Under these circumstances where no special equity has been proven and the award is not in the nature of lump sum alimony, how can the trial court decree and order a *385 husband to convey property held as joint tenants to the wife? It can not.
The rationale apropos to this case was set forth in Banfi v. Banfi, Fla.App. 1960, 123 So.2d 52, which stated:
"Once the marriage is dissolved and the proportionate share of each in the estate has been fixed, the parties become tenants in common of such real property formerly held as an estate by the entireties. Section 689.15 Fla. Stat., F.S.A. Thereafter, it is up to them to determine whether the property should be partitioned or disposed of otherwise. See Benson v. Benson, Fla.App. 1958, 102 So.2d 748. There are recognized exceptions, however, such as where the husband's interest in property owned by him and his wife as tenants by the entireties may be awarded to the wife as lump sum alimony (Reid v. Reid, Fla. 1954, 68 So.2d 821) or where the wife may be given part or all of the husband's record interest in property owned by them as an estate by the entireties to the extent that she establishes a special equity therein based on her contributions. Heath v. Heath, 103 Fla. 1071, 138 So. 796, 82 A.L.R. 537; Foreman v. Foreman, Fla. 1949, 40 So.2d 560."
See also this Court's opinions in Valentine v. Valentine, Fla. 1950, 45 So.2d 885, and Boles v. Boles, Fla. 1952, 59 So.2d 871, and those opinions from the various District Courts of Appeal reported as Harder v. Harder, Fla.App. 1972, 264 So.2d 476; Hegel v. Hegel, Fla.App. 1971, 248 So.2d 212; Horne v. Horne, Fla.App. 1971, 247 So.2d 99; Lubarr v. Lubarr, Fla.App. 1967, 199 So.2d 123; Weinstein v. Weinstein, Fla.App. 1963, 148 So.2d 737; Glasser v. Glasser, Fla.App. 1965, 178 So.2d 749; Latta v. Latta, Fla.App. 1960, 121 So.2d 42.[1]
Thus, the trial court erred in directing conveyance by the petitioner to the respondent of the real properties above referenced.
Accordingly, certiorari is granted and the decision of the District Court of Appeal is quashed and this cause is remanded for proceedings consistent herewith.
It is so ordered.
CARLTON, C.J., and ADKINS, BOYD and DEKLE, JJ., concur.
NOTES
[1] See also Bell v. Bell, Fla.App. 1959, 112 So.2d 63, relying upon Steltz v. Schreck, 128 N.Y. 263, 28 N.E. 510, and Yax v. Yax, 240 N.Y. 590, 148 N.E. 717, holding that a Florida trial court has no authority to direct division of sale proceeds on New York realty owned by the parties as tenants by the entireties.