SWIGERT, Associate Judge.
This is an appeal from a Final Judgment of Dissolution of Marriage wherein the Trial Court held that all jointly owned property of the parties would be held by the parties as tenants-in-common subsequent to the dissolution. The wife appealed from that judgment, alleging that their main asset, namely, a purchase money note and mortgage secured on her former New Jersey farm, should be her sole and separate property, because the farm was owned toy her individually prior to its sale.
The parties were married to each other on February 2, 1970, and separated in July of 1974. The farm in New Jersey was acquired while the wife was married to her first husband some 25 years ago. After her marriage to the instant husband they moved to the farm and together operated a roadside market or stand. The farm was sold on September 1, 1972, and a purchase money mortgage was taken back of $148,-400.00, which mortgage and note were placed in the joint names of the husband and wife. Husband alleges that there was a gift of a one-half interest in the note and mortgage, as evidenced by same being in their joint names. The wife alleges there was no present intention to make a gift and that she had a special equity in the purchase money mortgage.
We agree with the Trial Court’s finding that the wife by conclusive evidence did not overcome the presumption of a gift created when the note and mortgage received from the New Jersey farm owned solely by the wife was made in the joint names of husband and wife. Kennedy v. Kennedy, 303 So.2d 629 (Fla.1974); Holton v. Holton, 189 So.2d 214 (Fla.App.3d 1966); Powell v. Metz, 55 So.2d 915 (Fla.1952).
We find that in taking the mortgage in both names as husband and wife, the wife presumed to have intended a gift to her husband of an interest therein and this presumption prevails unless overcome by conclusive evidence. See Powell v. Metz, supra.
AFFIRMED.
RAWLS, Acting C. J., and SMITH, J., concur.