334 So.2d 633 (1976)
Bernice RUTENBERG, Appellant,
v.
Arthur RUTENBERG, Appellee.
No. 75-1324.
District Court of Appeal of Florida, Second District.
June 30, 1976.
James D. Wing and Wm. Reece Smith Jr. of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, Tampa, for appellant.
John R. Parkhill, Tampa, for appellee.
GRIMES, Judge.
In this appeal from a judgment of dissolution, much of the wife's argument is directed to the alleged insufficiency of the alimony award. While the members of this court might have been inclined to be more generous had the case been tried before us, from our vantage point we cannot say that error was committed. Since the outcome of a suit for dissolution is so dependent upon the testimony and the credibility of the witnesses, the determinations *634 of the trial court cannot be lightly set aside. Shaw v. Shaw, Fla. 1976, 334 So.2d 13.
The wife's claims to portions of the rentals from five long-term land leases warrants further discussion. Record title to the properties is held by the husband and a corporation controlled by his brother. In 1966 and 1967, the properties were leased to another Rutenberg corporation. However, in each of the leases, the husband and the wife were named among the lessors of the real estate. As a consequence, the wife claims that she is entitled to one-fourth of the rents payable under the leases.
The husband testified that he had no intention of making a gift of an interest in these rentals to his wife. He said he was not even aware of his wife's name being on the leases until this dissolution proceeding was commenced. The husband explained that he and his brother were financial partners in two types of businesses. He conducted a house building business and his brother devoted his time to land developing. Pursuant to a tacit understanding, he said that he would sign numerous papers relating to land development upon his brother's assurances and his brother would do likewise with respect to the housing business. Thus, he suggested that he probably signed these leases which had been arranged by his brother without even reading them.
The leases were, in fact, prepared upon instructions from the husband's brother. The leases were drafted by a Hallandale lawyer who had no contract with the husband. A letter from the husband's brother to the lawyer was introduced into evidence in which it was stated that the husband and wife are owners of an undivided onehalf interest in the properties. The husband's brother said he had no recollection of why he specified the ownership of the property in that manner. According to instructions, the lease was drafted in a manner which reflected the wife as a lessor rather than as a spouse who is simply releasing her dower rights.
The wife testified that the husband had told her that he was going to have the leases put into their names rather than the names of their children so that they would have a source of income independent of their corporation. The husband denied this conversation. The same witnesses attested both signatures, but the husband said that his wife usually signed instruments requiring her signature at home rather than at the office and that the witnesses would recognize her signature.
The wife contributed no money to the purchase of the properties, and the husband alone had signed the promissory note which was secured by a mortgage on the properties. The husband had never given his wife an interest in any other property which he owned. The lease called for the rentals to be deposited in a bank, and the husband withdrew these monies from time to time. The wife never made a claim to any of the rentals until the suit began.
The court concluded that the husband did not make a gift to his wife of any interest in the leases or the proceeds thereof and that no estate by the entirety had been created. The wife contends that the legal effect of the leases themselves was to raise a presumption that a tenancy by the entirety had been created. She argues that her interest must be preserved because her husband failed to present evidence meeting the requisite burden to rebut this presumption.
Several Florida decisions hold that where a husband conveys property owned in his sole name to a third party and takes back an instrument in payment naming both him and his wife as payees, a tenancy by the entireties is presumed to be created in the proceeds. Powell v. Metz, 55 So.2d 915 (Fla. 1952); Lauderdale v. Lauderdale, 96 So.2d 663 (Fla.App.3d 1957); Anderson v. Anderson, 153 So.2d 24 (Fla.App.3d 1963). This presumption can be overcome only by "conclusive evidence" (Powell v. *635 Metz, supra) or by "clear, positive and unequivocal evidence" (Lauderdale v. Lauderdale, supra; Anderson v. Anderson, supra), or by "clear and convincing evidence," cf. Abbott v. Abbott, Fla.App.2d 1974, 297 So.2d 608.
The only Florida case involving a wife's claim to an interest in rental payments from her husband's property by reason of being designated as one of the lessors in the lease is Cantor v. Palmer, Fla.App.3d 1964, 163 So.2d 508. In affirming the trial court's conclusion that there was no clear intention expressed in the lease to create an estate by the entirety in the unaccrued rents, the court said:
"It should be further noted, in support of the chancellor's conclusion, that the husband is the sole grantor under this lease and that there is no implication of a gift as was the case in Powell v. Metz, Fla. 1952, 55 So.2d 915; Strauss v. Strauss, 148 Fla. 23, 3 So.2d 727; See also Lauderdale v. Lauderdale, Fla.App. 1957, 96 So.2d 663; Anderson v. Anderson, Fla.App. 1963, 153 So.2d 24. In the cases just cited there was a separate instrument presumably made at the husband's direction in which the wife was granted her interest in the property. In the instant case it is sought to infer a tenancy by the entirety from the fact that the wife's name appears as a lessor with the description `his wife'. Such an implication is against reason where, as in this case, it was necessary for the wife to join the husband in the lease instrument upon his property in order to release her inchoate dower for the term of the lease."
The only apparent difference in the Cantor lease and the one in the instant case is that the lease there specifically stated that the rent should be paid to the husband.
In Tingle v. Hornsby, Fla.App.1st 1959, 111 So.2d 274, a widow claimed that she had become a tenant by the entirety in land owned by her husband by virtue of the fact that they had joined together in a contract to sell the land prior to his death. In the course of reversing of summary judgment to permit the parties to fully litigate the question of intent, the court said:
"... [W]e do not mean to hold that title to every contract of sale executed by a husband and wife jointly will be vested in them by the entirety. Whether or not such an estate is created depends upon the nature of the transaction and the intent of the parties as reflected by the language employed in the contract. If by the plain language used it is clearly apparent that there was no intention to create an estate by the entirety, none will be presumed. On the other hand, if from the clear and unambiguous language of the instrument, it appears that the benefits were intended to accrue to the husband and wife jointly, such would give rise to the presumption that an estate by the entirety was intended.
"We are of the opinion that the language employed in the disputed contract here considered is no more inconsistent with an intention to create an estate by the entirety than with a contrary one. In the absence of language showing clearly the intent of the parties one way or the other, it is always appropriate to investigate the facts and circumstances surrounding the transaction... ."
Likewise, in the instant case, we cannot say that the language of the leases clearly shows the intent of the husband one way or the other. The court heard evidence relating to the facts and circumstances surrounding the transactions and found that gifts had not been intended. Since there is evidence to support this conclusion, it must not be disturbed.
AFFIRMED.
HOBSON, Acting C.J., and SCHEB, J., concur.