GRIMES, Acting Chief Judge.
This is an appeal from a judgment of dissolution. The only point which merits discussion concerns the disposition of a mobile home.
The parties were married on January 11, 1975. Shortly thereafter, the husband used $6,000 of his own funds to purchase a mobile home and caused it to be titled in the names of himself and his wife. The parties separated several months later, and a suit for dissolution was filed on September 8, 1975. In the final judgment the court awarded the mobile home to the husband.
This court recently held that where a wife’s separate funds were used to purchase property held as tenants by the entirety subsequent to the adoption of Florida’s 1968 Constitution but before the Supreme Court’s opinion in Ball v. Ball, 385 So.2d 5 (Fla.1976), there existed a presumption that a gift had been made.[1] While there has been a split of authority in the case of a wife’s separate funds,[2] until the Supreme Court rendered its Ball opinion the use of a husband’s separate funds to acquire property held as tenants by the entirety has always resulted in the presumption of a gift.[3]
This suit was filed prior to the date of the Ball opinion. Therefore, since the record is totally devoid of any evidence to rebut the presumption of a gift, the judgment must be reversed insofar as it deprives the wife of her one-half interest in the mobile home. See Section 689.15, Florida Statutes (1975). Otherwise, the judgment is affirmed.
RYDER, J., and McNULTY, JOSEPH P. (Ret.), Associate Judge, concur.

. Powell v. Powell, 349 So.2d 841 (Fla.2d DCA 1977).

. Compare Davis v. Davis, 282 So.2d 655 (Fla.4th DCA 1973), with Hegel v. Hegel, 248 So.2d 212 (Fla.3d DCA 1971).

. Powell v. Metz, 55 So.2d 915 (Fla.1952); Strauss v. Strauss, 148 Fla. 23, 3 So.2d 727 (1941); Anderson v. Anderson, 153 So.2d 24 (Fla.3d DCA 1963).