353 So.2d 949 (1978)
Lorita J. HAGIN, Appellant,
v.
T. Richard HAGIN, Appellee.
Nos. 77-153, 77-683.
District Court of Appeal of Florida, Second District.
January 11, 1978.
*950 Harry M. Hobbs, Tampa, for appellant.
D.J. Bradshaw of Bradshaw, Wagner & Mountjoy, Inverness, for appellee.
RYDER, Judge.
The appellant/wife appeals certain aspects of a final judgment of dissolution of marriage and by way of post-judgment interlocutory appeal attacks an order confirming a partition sale of certain real and personal property. These two appeals were consolidated by order of this court.
Appellant/wife's contentions relating to the partition sale are without merit and, thus, we affirm the post-judgment order entered by the trial judge with respect to that aspect of these appeals.
However, we do find merit with appellant/wife's arguments in regards to the final judgment of dissolution of marriage.
On June 25, 1976 appellee/husband [hereinafter "husband"] filed a petition for dissolution of marriage. Appellant/wife [hereinafter "wife"] answered and filed a counterpetition seeking alimony and attorney's fees. On July 21, 1976 the trial court entered a final judgment of dissolution reserving and retaining jurisdiction to determine, inter alia, temporary and permanent alimony, attorney's fees and costs to the wife.
On December 17, 1976 a final hearing was held. The parties had made no property settlement. Pursuant to an agreement of the parties the court took testimony for the purpose of determining ownership of numerous items of household goods and other personalty. The husband testified at length as to which items of furniture and other personal property in the marital home were jointly owned and which were owned by him alone. Wife then testified as to her ownership of certain items of personalty and further testified that the household goods were purchased for the joint use of the parties during the marriage.
*951 Wife then attempted to testify as to her need for alimony. Husband's attorney objected on the grounds that the wife had not filed her financial affidavit as required by R.Civ.P. 1.611(a). The wife's attorney was sworn and admitted that he did not file the wife's financial affidavit with the court prior to trial. He stated he mailed the wife's financial affidavit to husband's attorney some two months before, but admitted the "affidavit" was not signed by the wife, nor was it dated, nor did it bear a notary seal. At this juncture, wife's attorney requested a continuance in order to comply with said rule but the court denied his motion. The court sustained the husband's objection and ruled that the wife was precluded from pursuing the matters of alimony and attorney's fees and would not allow her to testify in that regard.
Thereafter, on December 29, 1976, final judgment was entered dissolving the marriage, denying the wife alimony and attorney's fees, awarding the vast majority of household goods and personalty to the husband, a few such items to the wife, and ordering a partition sale on January 19, 1977 of the jointly owned real property and certain personal property which the court found to be indivisible. From this judgment wife appeals.
The first point on appeal is whether or not the lower court properly awarded to the husband personal property acquired during the marriage primarily because he had paid for these items of personal property. We agree with the wife that this was error and reverse.
Most of the items awarded to the husband were household goods obviously purchased for joint use by both parties during the pendency of the marriage such as blenders, pots and pans, beds, television sets, etc. The majority of the items contested were, of course, purchased by the husband who was the sole wage earner, save for a brief period when the wife was employed as a janitor in the husband's law office, but it cannot reasonably be argued that all these items were the sole property of the husband. The record patently discloses the only basis on which the trial court could have awarded the bulk of this property to the husband was for the sole reason that he paid for these items, and there the trial judge went astray.
By its very nature, this type of personalty [household goods and furnishings] is owned by the husband and wife during marriage as tenants by the entireties, even though there generally is no written evidence of title. When property is acquired with funds of the husband and then taken in the joint names of the husband and wife, creating an estate by the entireties, it has long been presumed that a gift to the wife is intended as to her undivided half interest therein. See Strauss v. Strauss, 148 Fla. 23, 3 So.2d 727 (1941); Lindquist v. Lindquist, 351 So.2d 391 (Fla.2d DCA, filed November 4, 1977). Upon dissolution of marriage, the former spouses automatically become tenants in common as to this personalty by operation of Section 689.15, Florida Statutes (1975). See Cummings v. Cummings, 330 So.2d 134 (Fla. 1976). Each then owns an undivided half interest in the whole as a tenant in common, subject to division by a property settlement agreement by them or by partition sale or division in kind by the court when prayed for or agreed to by the parties, as here. Compare Ball v. Ball, 303 So.2d 32 (Fla.2d DCA 1974), and Steinhauer v. Steinhauer, 252 So.2d 825 (Fla.4th DCA 1971), with Ball v. Ball, 335 So.2d 5 (Fla. 1976).[1]
In light of the foregoing principles of law, the testimony of husband/appellee that "I paid for it" was entirely incompetent to rebut the aforesaid presumption of a gift and was thus an insufficient basis upon which to predicate an award of a vastly *952 superior share or interest in the items of personalty acquired for the undivided joint use within the marital home.
We now turn to a somewhat more disquieting question, the trial court's refusal to allow wife to testify regarding alimony. Fla.R.Civ.P. 1.611(a) requires that one who seeks alimony must serve a financial affidavit at least ten days before trial. When wife's attorney broached the subject of alimony by offering the testimony of the wife, husband's attorney objected stating the wife had failed to comply with the letter of Rule 1.611(a). The record reflects that approximately two months prior to the final hearing, wife's attorney had filed a partially completed financial statement with husband's attorney. Further, when the failure to file the affidavit was disclosed by husband's attorney, wife's attorney repeatedly moved for a continuance in order to comply with the rule but the trial court denied these motions, despite the fact that there was no showing of prejudice to husband and that it had earlier offered to husband's attorney a continuance of the cause in a matter relating to the husband's interests.
Although the language of the rule is mandatory, the wife's attorney attempted, in part, to comply. It is obvious from the record that wife's attorney was under the impression he had complied with the rule and thus his failure to technically comply was not willful. Taking the entire record into account, we believe the trial judge's denial of wife's motion to continue was too severe and an abuse of his discretion which resulted in a marked injustice to a woman who had been married to her husband for eighteen years, since she was fourteen years old, with little or no further education or work experience since the ninth grade.
Accordingly, we reverse and remand the final judgment appealed from [Case No. 77-153] for further proceedings not inconsistent with this decision. The post-judgment order appealed from [Case No. 77-683] is affirmed.
BOARDMAN, C.J., and DANAHY, J., concur.
NOTES
[1] These cases deal with real property, rather than personalty, but we perceive no rational basis to distinguish between realty and personalty in this regard. There is a dearth of appellate decisions discussing partition in kind of household personalty, and we consider the above-cited cases involving realty to be both instructive and persuasive. We note also that § 689.15, Fla. Stat. (1975) expressly applies to both real estate and personal property.