MARY LUCILE ROE, as Executrix of the Estate of ALFRED
ROE, deceased, *Appellant,* v. CHARLES A. ROE, et al.,
*Appellees.*

Division B.

Opinion filed November 4, 1929.

*Mabry, Reaves & Carlton,* for Appellant;

*Leitner & Leitner,* for Appellees.

BUFORD, J.—In this case the executrix of the estate of Alfred Roe, deceased, filed bill to require an accounting from the defendants and delivery to the complainant by the defendants of certain notes made by the defendant Charles A. Roe to deceased, during the life time of the deceased. The defendant Charles A. answered averring in short that the deceased had made a gift of the notes to the defendant Charles A. before his death and had delivered the notes, in the presence of Charles A., to. Arthur I. Roe with the directions, understanding and agreement that the principal of the notes was a gift then and there to Charles A. Roe, but that Charles A. should pay the interest to the donor during his lifetime. Other defendants answered making allegations to the same effect.

An examiner was appointed and testimony was taken, report made to the court and a decree entered in favor of the defendants. From which decree appeal is taken.

It is contended by the appellant that the alleged gift was not complete and that the alleged act of Alfred Roe was a testamentary act on the part of the deceased and was not valid and binding.

While there is some authority to the contrary, we think that the rule of law supported by the better reasoning and weight of authority is as stated in 12 R. C. L. 944, which is as follows:

"A debt may be the subject of a gift by the creditor to his debtor and is generally referred to as a for- giveness of the debt. The delivery may be accom- plished by giving a receipt even though not under seal and the debt is evidenced by a specialty, by sur-

rendering the instrument evidencing the debt, or even by destroying it, if this is done with intent to cancel the debt; and the fact that the creditor reserves the right to interest on the debt does not affect the validity of the gift. A gift may be made of a portion of a debt, evidenced by the execution and delivery of a receipt for that part, and the acceptance by a creditor each year of a less amount than the interest due on the debt, and giving a receipt therefor stating that it is for interest in full for that year, shows an intention to give the remainder of the interest then due, and constitutes a valid gift thereof. And although part payment of a debt can not constitute an accord and satisfaction a gift may be made of the balance after payment of part."

See Klehr's Will, 147 Wisc. 653, 133 N. W. 1105; Henschel v. Maurer, 69 Wisc. 567, 2 Am. St. 757, 34 N. W. 926; Robertson v. Robertson, 147 Ala. 311, 40 So. R. 104; Funston v. Twining, 202 Pa. 88, 51 Atl. 736; Jones v. Nichols et al., 151 Iowa 362, 130 N. W. 125.

In the case of Funston v. Twining, *supra,* the Court say:

"There is a valid gift of the principal where a mortgagee delivers the note and mortgage to the mortgagor, saying: 'I give them to you. All I ask is that you pay me interest * * * while I live, and then it is yours when I die.' "

In Jones v. Nichols, *supra,* the Court say:

"Delivery of the *res* of a gift to a third person as agent or trustee, for the use of the donee, under circumstances indicating that the donor relinquished all control over the property and intended to vest title in the donee, is as effective as manual delivery direct to the donee."

In Robertson v. Robertson, *supra*, the Court say:

"The donor delivered to a trustee certain bonds, under a written instrument reserving to himself the interest arising from them during life and directing the trustee, upon donor's death, to deliver the bonds to the person named in the writing; Held, an irrevocable disposition of the bonds, not testamentary in character, by which title passed out of donor, and not invalid as against donor's wife."

In re Klehr's Will, *supra*, the Court say:

"A gift of a note by the payee by indorsement and delivery to the donee, accompanied by expressions of a gift, is not defeated by the donee delivering the note back to the payee to permit him to collect the interest."

The decree of the chancellor is supported by the evidence and the law applicable thereto and should, therefore, be affirmed. It is so ordered.

Affirmed.

WHITFIELD, P. J., AND STRUM, J., concur.

TERRELL, C. J., AND ELLIS AND BROWN, J. J., concur in the opinion and judgment.