## ALBERT M. CLARK v. SIMONE FOURNIER CLARK

20 So. (2nd) 900 January Term, 1945
February 20, 1945 Division B

*A. L. Sandler, J. Lewis Hall* and *Emett D. Choate,* for petitioner.

*Robert C. Lane,* for respondent.

PER CURIAM:

This is a petition for writ of certiorari under Rule 34 to review an order made by the circuit judge upon a petition for temporary allowances for support, attorney's fees and court costs in a case wherein the wife had filed a bill against the husband for a separate maintenance and support and for attorney's fees, and wherein the defendant husband had filed an answer and counter claim for divorce. The wife's petition for alimony pendente lite and for attorney's fees, etc., came on for hearing before the circuit judge on January 26, 1945 and he announced his conclusions at that time but the formal order was not drawn and filed until the following Monday, January 29.

In considering matters of this kind, the amount of alimony, suit money, etc., should be determined with due regard to the necessities of the wife and the financial ability of the husband. Collins v. Collins, 153 Fla. 10, 13 So. (2nd) 445. Applying this rule it seems to us that the chancellor was entirely too generous in his allowances. Neither side offered any testimony as to what sums would be reasonable to allow, but there was evidence as to the financial ability of the husband and the needs of the wife. The merits of this case have yet to be decided. Meanwhile, our view is that temporary alimony of $100.00 a week ought to be the maximum sum allowed at the present time subject to such modifications, either up or down as may be shown as necessary by future developments and appropriate testimony; also that the allowances for "temporary" counsel fees should not at this time exceed $1000.00.

It is the function of this Court to determine the amount of attorney's fees for services rendered the defendant wife in this Court against this petition for certiorari. In view of the cost of travel and the time consumed we will allow counsel for

the respondent a fee of $300.00. It appears that he has already been paid $500.00 as required by the chancellor's order and the extra $200.00 can be credited on the $1000.00 temporary counsel's fee.

The writ of certiorari is granted and the order of the court below is quashed and the cause remanded for further proceedings consistent with the foregoing opinion.

CHAPMAN, C. J., BROWN, THOMAS and SEBRING, JJ., concur.