**BESSIE LEE HARGETT, v. WELDON R. HARGETT**

24 So. (2nd) 305                            January Term, 1946<br>
January 8, 1946                                 Special Division B

*Irving F Kalback,* for appellant.

*Hendricks & Hendricks,* for appellee.

SEBRING, J.:

Weldon R. Hargett was awarded a decree of divorce from his wife, Bessie Lee Hargett. The bill of complaint charged, among other things, that during the time the parties lived together as husband and wife the plaintiff purchased certain real property the title to which "was taken in the name of the plaintiff and defendant as an estate by the entirety, for the reason that plaintiff was advised and believed at the time said deeds were delivered to him that title to real estate in Florida could be held in no other way. That defendant had not contributed one cent to the payment of purchase money [on the property] or to the household goods, furniture or fixtures contained therein. That plaintiff is entitled to have the title to said above described property decreed to plaintiff to be owned and held by plaintiff in fee simple." So far as is pertained to the property, the decree of the trial court was

"That the fee simple title to said property be and the same is hereby decreed into the said Weldon P. Hargett and that he is the sole, rightful and only owner of same; and jurisdiction to perfect conveyance is retained." The defendant below has appealed from the decree, assigning as error that portion of the final decree which awards the real property to the plaintiff.

It is the law of this jurisdiction that where property is purchased by the husband and deeds are taken by the husband and wife jointly an estate by the entireties is created, and the presumption of law is that it was intended as a gift to the wife, which will be upheld until overcome by conclusive evidence. Francis v. Francis, 133 Fla. 495, 182 So. 833; Strauss v. Strauss, 148 Fla. 23, 3 So. (2nd) 727; Kollar v. Kollar, 155 Fla. 705, 21 So. (2nd) 356.

The evidence in the record is sufficient, if believed by the chancellor, to overcome the presumption of gift of the property interest to the wife. The testimony offered by the plaintiff was to the effect that all funds which went into the property, furnishings, and effects belonged to the husband. The reason given by the husband for having title to the property put in the names of both husband and wife jointly, was not sufficiently contradicted by the wife to lose its value as evidence, if the chancellor saw fit to believe it. If the wife made the slightest contribution to the welfare, happiness, peace, permanency, or preservation of the material union, such fact is not disclosed by the record; indeed the record reflects the contrary.

The decree appealed from is affirmed.

It is so ordered.

CHAPMAN, C. J., BROWN and TERRELL, JJ., concur.