This case presents for our determination the question whether the Chancellor erred in entering a final decree upon a hearing on Bill and Answer in an action for a declaratory decree.
The appeal is from the entry of a final decree in favor of the appellee (plaintiff below), which held her to be the owner and holder of stock in, and of a lease from, a corporation which owns a co-operative apartment building in the City of Miami. A study of briefs filed by counsel, coupled with a detailed examination of the transcript, which includes all the pleadings and exhibits attached thereto, convinces us that the learned Chancellor did not commit error.
Every fact essential to a final decree favorable to appellee is admitted by the pleadings of the appellant or is established by a proper construction of the pertinent exhibits. The appellant does not deny the execution and delivery by S.T. Day, prior to his death, of the assignment of the stock in question but attempts to avoid the legal effect thereof and the import of the admitted allegations of the bill by alleging that the transfer by Day to the appellee was not a gift inter vivos but on the contrary was a gift causa mortis. Her allegations fall short, however, of asserting facts which establish a gift causa mortis in the light of the picture formed by the admissions and the uncontroverted exhibits. It presents all of the elements of a gift inter vivos. It is immaterial that Day suggested the retention of the right to collect rents for the remaining period of the lease. Nor would it have affected the validity of the *Page 274 
gift as a gift inter vivos if actually he had collected the rents up to the time of his death. Roe v. Roe, 98 Fla. 840,124 So. 734.
In such a situation the entry of a final decree upon Bill and Answer is appropriate and should be encouraged in the interest of termination of litigation without unnecessary delay.
The test in such a case is not whether some immaterial or inconsequential matter has been controverted but it is solely a question as to whether a controlling or pertinent issue has been created upon which testimony should be taken. Here there is no genuine dispute as to controlling facts. This situation is analogous to an application for a summary judgment under the Federal Rules of Civil Procedure, rule 56, 28 U.S.C.A. See Otis 
Co. v. Pennsylvania R. Co., D.C., 61 F. Supp. 905, affirmed, 3 Cir., 155 F.2d 522; California Apparel Creators v. Wieder, D.C.,68 F. Supp. 499; Hines v. Ward Baking Co., 7 Cir., 155 F.2d 257
and National Savings Trust Co. v. Bailey, D.C., 41 F. Supp. 871.
No appeal has been taken by any other of the several defendants. Consequently, we should not and do not consider the position taken in the court below by any one of them, nor can this appellant assert their rights to a reversal if any should exist. Rabinowitz v. Houk, 100 Fla. 44, 129 So. 501; Guarantee Trust Safe Deposit Co. v. Buddington, 23 Fla. 514, 2 So. 885; 4 C.J.S., Appeal and Error, § 1248, page 1747.
Counsel for appellant relies upon Supreme Court Rule No. 13 for his position that the foregoing rule is not applicable in the instant case. His position is not well taken. Said rule is applicable only in an appeal from a joint decree where the appellate court cannot properly review the decree with less than all of the defendants, who are jointly affected, before the court. The decree in this case is not a joint decree and the rights of one of the defendants are in no way dependent upon the rights of any other defendant and, therefore, each should be the subject of a separate appeal. Kooman, Florida Chancery Pleading 
Practice, Sec. 171, p. 400. See also 4 C.J.S., Appeal and Error, § 1248, page 1747.
The final decree from which this appeal was prosecuted should be and it is hereby affirmed.
ADAMS, C.J., CHAPMAN, J., and TAYLOR, Associate Justice, concur.