136 So.2d 235 (1961)
Mary Ann BURKE, Appellant,
v.
William E. COONS and Mary C. Coons, His Wife, Appellees.
No. 2419.
District Court of Appeal of Florida. Second District.
December 27, 1961.
Rehearing Denied January 17, 1962.
*236 Thomas F. Tompkins, Jr., of Kelley, Tompkins & Griffin, Fort Lauderdale, for appellant.
Philip Jansen, of Jansen, Cobb & Haines, Fort Lauderdale, for appellees.
SMITH, Judge.
The appellant, Mary Ann Burke, as plaintiff, brought an action to foreclose a mortgage on real property against the defendants-appellees, William E. Coons and Mary C. Coons, his wife. The plaintiff is the stepmother of Mary C. Coons. The facts precipitating the litigation are that the plaintiff and her husband were the owners of real property. They conveyed this property to the defendants, and the defendants gave their promissory note and mortgage on the property to the plaintiff and her husband as security for the balance of the purchase price. After the death of her husband, the plaintiff instituted this action to foreclose. The defendants answered alleging that the plaintiff and her husband had, prior to his death, made a gift to the defendants of the debt evidenced by the note and secured by the mortgage. After hearing, the court entered a final decree in favor of the defendants denying foreclosure.
A note and mortgage can be held by a husband and his wife as an estate by the entirety, Tingle v. Hornsby, Fla.App. 1959, 111 So.2d 274. In the case of Ohio Butterine Co. v. Hargrave, 1920, 79 Fla. 458, 84 So. 376, 378, in discussing the rights and interests of the parties in an estate by the entirety, the Court said:
"`As between husband and wife there is but one owner, and that is neither the one nor the other, but both together. The estate belongs as well to the wife as to the husband. Then how can the husband possess any interest separate from his wife, or how can he alienate or encumber the estate, when all the authorities agree that the wife can neither convey nor incumber such estate. We are of the opinion that from the peculiar nature of this estate, and from the legal relation of the parties, there must be unity of estate, unity of possession, unity of control, and unity in conveying or incumbering it; * * *. The estate is placed beyond the exclusive control of either of the parties. * * *.'"
and the property of such an estate is not subject to disposal by either spouse alone. Anderson v. Carter, Fla.App. 1958, 100 So.2d 831.
*237 A negotiable instrument is discharged, among other ways, by "the intentional cancellation thereof by the holder," or "when the principal debtor becomes the holder of the instrument at or after maturity, in his own right." Section 675.28, Florida Statutes, F.S.A.
A debt may be the subject of a gift of the creditor to the debtor, Roe v. Roe, 1929, 98 Fla. 840, 124 So. 734.
The two essential elements of a gift inter vivos are, [1] the intention of the donor to relinquish dominion over the subject; and, [2] delivery of it to the donee. Jones v. Ferguson, 1942, 150 Fla. 313, 7 So.2d 464.
The burden of proof is on one claiming to be the donee of property to establish all facts essential to the validity of the gift; and when the claim of a gift is not asserted until after the death of the alleged doner, it should be sustained by clear and satisfactory evidence of every element which is requisite to constitute a gift, Lowry v. Florida National Bank of Jacksonville, Fla. 1949, 42 So.2d 368. For general statements of the principles of law involved, see 38 C.J.S. Gifts §§ 10, 15, 16, 58, 60 and 65.
With the above principles of law in mind, we now consider the evidence of this case to determine whether or not there is sufficient evidence to sustain the finding of the court that the defendants proved that a gift inter vivos had taken place from the plaintiff and her deceased husband to the defendants. The note and mortgage was kept in the safe of the plaintiff and her husband. The safe was at the place of business of the defendants. The plaintiff's husband called her and requested that she come to the place of business and open the safe, which she did, and left immediately. Nothing was removed in her presence. A few months later, the safe was delivered to the home of the plaintiff and her husband where it remained until after his death. After this, the plaintiff learned that the note and mortgage was not in the safe. The defendant, William E. Coons, testified that he received possession of the note and mortgage when the plaintiff's husband came to his house with a roll of papers, opened them, signed the back of the note and marked it paid in full and left them on the table. The plaintiff was not present. This, plus other evidence of expression of intent of the plaintiff's husband, are sufficient to prove the essential elements of a gift on the part of plaintiff's husband if he was the sole owner of the subject of the gift, or if he had the power to alone make a gift of property held by himself and his wife as an estate by the entirety, but the former alternative is not the fact in this case, and the latter is not the law.
This court held in Lerner v. Lerner, Fla. App. 1959, 113 So.2d 212, that a husband could not withdraw funds from a joint savings account of husband and wife and make a gift of the proceeds to another without the knowledge or consent of his spouse.
We examine the record to determine the sufficiency of the evidence to show the essential elements of a gift by both the plaintiff and her husband. Having determined that the necessary elements were proven as to him, we need now only to examine the record with respect to the plaintiff. On one occasion, in the presence of others, the plaintiff's husband stated to the witnesses that he had turned over the shop (meaning the property described in the mortgage) to Mrs. Coons; that he wanted her to have that property; and that he gave them the shop. The record shows that at this time the plaintiff was sitting at a table drinking coffee with a third party. The witnesses testified that they were sure the plaintiff heard the remark because they were all in the same room, but that she made no comment on the matter, one way or the other. Subsequently, the plaintiff and her husband were discussing whether to leave then or later, and the plaintiff stated to her husband, "whatever you want to do  you know I always do anything you want to do  want me to do  *238 daddy." But, on cross-examination the witnesses made it clear that this comment was not made at the time of, nor as a part of any conversation concerning the shop or the property and that there was no conversation referring to the note and mortgage, except indirectly by reference to the shop.
The only testimony of any affirmative action by the plaintiff concerning her participation in the alleged gift, or concerning her acquiescence or consent thereto occurred after the death of her husband. The defendant Mary C. Coons testified that she called at the home of the plaintiff after the death of the plaintiff's husband and after this defendant learned that she needed a satisfaction of the mortgage to be recorded, and then this witness testified that the plaintiff stated:
"* * * that she wanted no part of the place and that if it hadn't been for her giving the papers out of the safe to her  I wouldn't have had them. I mean she had to give them to Dad. She was the only one who could open the safe for him and she would sign the satisfaction of mortgage."
When the Satisfaction was presented to the plaintiff, she refused to sign it.
"* * * [A] mere intention to give in the future, however well shown, gives rise to no obligation which the law will recognize or enforce. * * * To be effective, a gift must go into immediate and present effect. * * * The intention must be executed by a complete and unconditional delivery." In re Slawson's Estate, Fla. 1949, 41 So.2d 324, 327.
The evidence in this case is insufficient to establish all of the facts essential to the validity of a gift inter vivos by the plaintiff and her husband. The final decree is reversed with directions to enter a decree of foreclosure in favor of the plaintiff.
Reversed.
ALLEN, Acting C.J., and WHITE, J., concur.