139 So.2d 750 (1962)
James DI MARCO, Appellant,
v.
E.W. KING and Sadie L. King, Appellees.
No. 61-470.
District Court of Appeal of Florida. Third District.
April 10, 1962.
*751 H. Earl Barber, Miami, for appellant.
Louis A. Sabatino, Miami, for appellees.
Before PEARSON, TILLMAN, C.J., HENDRY, J., and GOLDMAN, PHILLIP, Associate Judge.
HENDRY, Judge.
Appellant, James DiMarco, brought suit against the appellee, E.W. King, seeking an accounting and the appointment of a receiver to take possession of the thoroughbred race horse, "Harmonizing". The complaint set forth that the appellant was the legal owner of the horse; that the appellee was employed as a horse trainer to care for and race the said horse; and that while the said horse was in the custody of the appellee, E.W. King, the horse won purses in excess of $100,000, which purses are still owing to the appellant.
Appellee, by his answer and by a cross-complaint in which he was joined by his wife, Sadie L. King, denied ownership in the appellant and alleged that, although he was originally hired by the appellant as a trainer for the race horse, Harmonizing, the said horse was now owned by the wives of the parties as a result of an oral agreement entered into between appellee, C.W. King, and appellant. Appellees prayed that the partnership between appellee, Sadie L. King and the appellant's wife, Jean DiMarco, be dissolved and that the said horse be sold at public auction.
The court appointed a receiver and, after a number of hearings before the court in which all the pertinent testimony was taken, decreed that the race horse, Harmonizing, was owned by the appellee, Sadie L. King and the appellant's wife, Jean DiMarco; that the receiver sell the said race horse at public auction; that the monies owing to each of the parties be as fixed by this final decree and that the relative rights with respect to certain other horses as set out in the amended cross-complaint be as determined by this final decree.
Appellant contends that there is no evidence to support the final decree and that it must therefore be reversed. As further error, appellant contends that the chancellor entered orders on matters not properly before him.
By cross-assignment of error, appellee, E.W. King, assails the final decree in that it does not properly determine the amount of money owed to him by the appellant.
We have carefully reviewed the record and considered the assignments and cross-assignments of error and find that no harmful error has been committed.
*752 Although we find much of the evidence to be conflicting, it is our view that it amply supports the chancellor's decree. It is a well-settled rule that where the evidence is heard by the chancellor and the witnesses are before him, the chancellor's findings based upon conflicting evidence should not be disturbed by the appellate court if the record contains substantial testimony to sustain the decree. Cowen v. Cowen, Fla. 1957, 95 So.2d 584; Thompson v. Field, Fla. 1951, 54 So.2d 520; Wilson v. Rooney, Fla.App. 1958, 101 So.2d 892.
Accordingly, our judgment must be one of affirmance.
Affirmed.