HORTON, MALLORY, Associate Judge.
The appellant and the appellee were defendants in an interpleader action filed by the Conger Life Insurance Company, hereafter referred to as “Company.”
On July 1, 1959, the Company issued a policy of life insurance on Joseph Ficar-rotta in the amount of $5,000, which named the appellant, Lois P. Turner, the primary beneficiary, and the appellee, Mary F. Noto, a sister of the insured, a contingent beneficiary. The policy reserved to the insured the right to change the beneficiary. On June 28, 1960, the insured requested the Company to change the name of the primary beneficiary on the policy from Lois P. Turner to Mary F. Noto, at the same time requesting the issuance of a duplicate policy on the representation that the original policy had been lost or destroyed. On July 7, 1960, the Company issued a duplicate-policy to the insured along with a change in beneficiary from the appellant to the appellee.
Ficarrotta died on October 17, I960, and when both the appellant and the appellee-made claim to the proceeds of the policy,, the Company filed this interpleader action. The appellant and the appellee filed answers, claiming the proceeds of the policy. The-appellant produced the original policy and. contended that it had been given to her by the insured during his lifetime, shortly after its issuance, and that he had no right, to a duplicate policy or a change of beneficiary without notice or knowledge to her.. Motions for summary judgment by bothi parties were denied and the cause was thereafter tried before the court. After trial,, the chancellor entered the order appealed' awarding the proceeds of the policy to the-appellee.
 The appellant did not assert hen claim of gift until after the death of the-alleged donor, and the determinative question here, as it was below, is whether the-appellant succeeded in establishing all of’ the facts essential to the validity of the alleged gift by clear and satisfactory evidence-as is required in such cases. See Burke v. Coons, Fla.App.1961, 136 So.2d 235; Lowry v. Florida National Bank of Jacksonville, Fla.1949, 42 So.2d 368. The chancellor concluded that she did not.
It would serve no useful purpose to delineate the evidence adduced before the chancellor. Suffice it to say that it is our view that it amply supports his decree. It is a well settled rule that where evidence is heard by the chancellor, and the witnesses are before him, his findings based upon-conflicting evidence should not be disturbed by an appellate court if the record contains substantial evidence to sustain the- *305 decree. DiMarco v. King, Fla.App. 1962, 139 So.2d 750; Cowen v. Cowen, Fla.1957, 95 So.2d 584; Thompson v. Field, Fla.1951, 54 So.2d 520.
We have considered all of the points raised by the appellant in the light of the record and find that she has failed to demonstrate reversible error. Accordingly, the decree appealed is affirmed.
Affirmed.
SHANNON, C. J., and ALLEN, J., concur.