153 So.2d 737 (1963)
Hazel Ferguson AMES, Appellant,
v.
Alvin Austin AMES, Appellee.
No. 3352.
District Court of Appeal of Florida. Second District.
May 1, 1963.
Rehearing Denied June 6, 1963.
*738 Joseph S. Rodriguez, St. Petersburg, for appellant.
Askew & Beckett, St. Petersburg, for appellee.
WHITE, JOS. S., Associate Judge.
This appeal, taken by the wife, requires a review of a final decree in a divorce action. The husband sued the wife, charging "extreme cruelty" and "violent and ungovernable temper". He prayed for a divorce, for the cancellation of a deed by which title to certain hotel property in St. Petersburg, formerly held by the parties as an estate by the entirety, was transferred to the sole ownership of the wife, and finally for "general relief".
By an amendment to the complaint plaintiff sought the cancellation of still another deed by which title to another parcel had been transferred from the husband to the sole ownership of the wife.
By answer defendant denied the material allegations of her husband's complaint, stated that defendant's conduct described in the complaint had been condoned by her husband, and insisted that the transfers of title to the lands in question to her were based upon full and adequate consideration passing to her husband.
By counterclaim the wife charged that plaintiff had been guilty of "extreme cruelty" toward her. She prayed for a divorce, permanent alimony, and costs and expenses of the litigation. She prayed that absolute title to the real estate in question be confirmed in her. Finally, she prayed for "general relief".
Trial took place before the Chancellor and consumed the greater part of nine days. At the conclusion of the trial the Chancellor entered a "partial final decree", by which he granted a divorce to the wife upon her *739 counterclaim; cancelled the deeds in accordance with the prayer of the bill of complaint; ordered that each party pay his own counsel fees and one-half of the court costs; denied the wife's prayer for permanent alimony, but retained jurisdiction to award alimony thereafter "should the circumstances of the plaintiff and the necessities of the defendant justify same"; retained jurisdiction to appoint a Guardian Ad Litem and decide the validity of certain contingent interests of plaintiff's unborn issue in the hotel property; and finally, retained jurisdiction to decree partition of the hotel property.
The result of the cancellation of the deeds was to make the parties equal owners of the hotel property as tenants in common and restore the other parcel to the absolute ownership of the husband.
After the filing of an answer by a Guardian Ad Litem who had been appointed by the court, a "final decree" was entered. By the final decree the Chancellor held that the contingent interest of plaintiff's unborn issue in the hotel property had been destroyed by way of a merger of estates. He directed partition of the hotel property by sale and an equal division of the proceeds between plaintiff and defendant. He retained jurisdiction "to enter such orders necessary to consummate the partition sale."
The attack which the wife makes upon the Chancellor's decree by this appeal relates primarily to the Chancellor's decision, which is based upon the testimony presented before him. Thus, this Court is called upon to review the findings of fact by the Chancellor.
In stating the rules to be followed in reviewing findings of fact, the Florida courts have not always been uniform. See Middleton, Judicial Review of Findings of Fact in Florida, 3 Fla.L.Rev. 281 (1950). Most courts apply the "substantial evidence" rule when reviewing findings of a jury, and the "clearly erroneous" rule when reviewing findings of a chancellor who has heard the witnesses testify, face to face. For a clear discussion of the point, see Stern, Review of Findings of Administrators, Judges and Juries, 58 Harv.L.Rev. 70 (1944).
In Thompson v. Field, Fla. 1951, 54 So.2d 520, it was said:
"We are unalterably committed to the rule that we will not reverse a Final Decree entered by a Chancellor which is predicated upon conflicting evidence if the record contains competent, substantial testimony to sustain such Final Decree, or, stated in another way, unless the Chancellor's findings were clearly erroneous."
In Cowen v. Cowen, Fla. 1957, 95 So.2d 584, this statement is made:
"This case was heard before the trial Judge who had the opportunity of seeing and hearing the witnesses and the rule is too well established to require the citation of authorities that where the evidence is heard by the Chancellor and the witnesses are before him, the Chancellor's findings should not be disturbed by the appellate court unless shown to be clearly erroneous."
In DiMarco v. King, Fla.App. 1962, 139 So.2d 750, this is said:
"It is a well-settled rule that where the evidence is heard by the chancellor and the witnesses are before him, the chancellor's findings based upon conflicting evidence should not be disturbed by the appellate court if the record contains substantial testimony to sustain the decree."
In Turner v. Noto, Fla.App. 1963, 151 So.2d 303, it is again emphasized:
"It is a well settled rule that where evidence is heard by the chancellor, and the witnesses are before him, his findings based upon conflicting evidence should not be disturbed by an appellate court if the record contains substantial evidence to sustain the decree."
*740 Thus, it is indicated that the Florida courts make no distinction between the two rules, and that the findings of a Chancellor who has heard the testimony, are entitled to the same weight as is given to the findings of a jury.
This is another case in which no useful purpose would be served by summarizing the evidence here. There were many conflicts and disputes. The onus is upon the trial judge to pass upon the credibility of the witnesses and to reconcile the disputes and conflicts in their testimony. Of course, the decision which the chancellor ultimately makes upon the entire case is not absolute and final. It is subject to examination and review by an appellate court which must act within limits established for judicial review of findings of fact. The decision which we might have reached had we been the trier of the facts is now irrelevant. We simply search the record for substantial evidence which supports the decree. It has been said that evidence is substantial if "a reasonable mind might accept (it) as adequate to support a conclusion". Miles v. State, 1948, 160 Fla. 523, 36 So.2d 182. In the instant case, we have no difficulty in finding such evidence. However, we cannot agree that the husband should have been relieved from paying the expenses incurred by his wife for the fees due her attorney and court costs.
It was the husband who brought the suit. The Chancellor concluded that both parties were at fault in bringing the marriage to an end, but he awarded the divorce to the wife upon her counterclaim, thus indicating that the Chancellor considered the husband more at fault than the wife. The record supports this conclusion. The deeds were cancelled on account of the wife's wrong doing, but it was the husband, himself, who created the condition which made it necessary in the end for him to seek help from the Court. If he had asserted a more manly attitude toward a stronger willed and domineering wife, as he should have done, he might never have had to bring this suit. We are impressed, too, by the fact appearing prominently in this record that it was the wife's aggressive disposition, frugality and business acumen which perfected the title to the hotel property and conserved it through the years. While she was aggressive and enterprising, he was thriftless and pliable. Except for the wife's efforts, it is doubtful that there would be anything now for the husband to enjoy. It is also to be borne in mind that the Chancellor has ordered the sale of the hotel property. Thus, it may no longer afford a means of income to the wife, as a result of which she may be driven to capital funds to pay the expense of this litigation and to maintain herself. We have not overlooked the rule that the award of suit money and attorney fees in cases of this character is within the discretion of the Chancellor, but this is a sound judicial discretion, and we conclude from the record that the circumstances here require the husband to pay a reasonable sum for the fees of his wife's attorney and court costs. See Kneale v. Kneale, Fla. 1953, 67 So.2d 233; Kahn v. Kahn, Fla. 1955, 78 So.2d 367.
The decree is affirmed except as to that part imposing on defendant the fees of her attorney and one-half the costs. That part of the decree is reversed, with directions to allow the wife a reasonable sum for the services of her attorney, which, together with court costs, is to be paid by the husband.
Appellant's petition for the allowance of an attorney's fee for services in this Court cannot be considered since it was not filed in accordance with appellate rule 3.16(e), 31 F.S.A. Unless the Court insists upon faithful observance of such rules, they soon will be rendered meaningless.
Affirmed in part and reversed in part.
SHANNON, C.J., and ALLEN, J., concur.