PER CURIAM.
This case is here upon petition for writ of certiorari to the District Court of Appeal, Third District, to review its judgment and decision reversing the Circuit Court of Dade County, See Anderson, v. Anderson, Fla.App.1963, 153 So.2d 24.
Petitioner, a husband, owned a tract of real estate encumbered by a mortgage. His wife, the respondent, drew checks upon their joint bank account and paid off the mortgage. The husband contended later the funds in the joint account belonged solely to him. The husband sold the property. His grantee executed a note and mortgage securing the purchase price in favor of the husband and wife. Not long thereafter the wife sued her husband for divorce and division of jointly owned property. The husband counterclaimed, seeking to reform the note and mortgage as being solely his property. He prevailed in this regard in the Circuit Court. The reversal in the District Court ensued. In its opinion, the District Court of Appeal stated the taking back of the purchase money note and mortgage to both parties raised a presumption of a gift therein to the wife which could only be overcome by a clear, positive and unequivocal showing no gift was intended. Petitioner relies mainly upon Hargett v. Hargett, 156 Fla. 730, 24 So.2d 305. However, the District Court of Appeal enunciated the same principle of law in its opinion expressed in Hargett v. Hargett, supra, regarding presumption of gift in the wife but decided the evidence was not strong enough to rebut the presumption in favor of the wife’s interest in the note and mortgage. We feel compelled to hold there was no conflict of law but only a reversal upon the facts in the decision of the District Court of Appeal, and that we must decline certiorari jurisdiction.
However, we note that the final decree is reversed in the litigation between the parties and upon remand it is apparent the Circuit Court in its further' consideration of the rights of the parties will take into consideration all facts existing at that time including the fact that the wife’s income is augmented by the decision of the District Court of Appeal that she is entitled to a joint interest in the note and mortgage. Prior to the reversal by the District Court of Appeal, the Circuit Court believed the wife had no property interest in the note and mortgage. This may have pertinent bearing in the final disposition of the issues of the case, including the amount allowed for alimony.
The writ is discharged and the petition dismissed.
DREW, C. J., and THOMAS, THOR-NAL, O’CONNELL and ERVIN, JJ., concur.
ROBERTS, J., concurs specially with opinion.
CALDWELL, J., concurs specially and concurs with ROBERTS, J.