ROBERTS, Justice
(concurring specially) .
On the question of whether or not the husband was the sole owner of a mortgage and note, the chancellor heard voluminous testimony, much of it of conflicting nature, and made a finding of fact and judicial determination that the petitioner-husband was the sole owner, and thus followed the decision of this court in Hargett v. Hargett, 156 Fla. 730, 24 So.2d 305. In my opinion, the testimony abundantly supported the decree.
The trial judge, having awarded the mortgage and note to the husband, proceeded to make a generous allowance of alimony to the wife, decreeing her a total of $1,000.00 per month for herself and three children. In doing so, he obviously acted on the assumption that he had properly denied her interest in the mortgage and, on the other hand, had decreed the full ownership to be with the husband. Had the trial court known that the respondent-wife would, on appeal, be awarded one-half interest in the mortgage, it is quite probable that he would not have been so generous in the allowance of alimony, because the financial needs of the wife were decreased by the decision of the Court of Appeal, and the husband’s ability to pay was reduced.
This author has reexamined the testimony heard by the chancellor in this case and also in the Hargett case, and the showing made at the trial level in the cause now under review was equal to, if not stronger than, that in the Hargett case. It is fair to assume that the District Court of Appeal did not have the same opportunity to examine and compare the testimony in Har-gett as we have here. Even though the same rule of law was announced, entirely inconsistent results were reached in the two cases. In my opinion it was error for the District Court of Appeal to reverse the chancellor on the facts, and it is unfortunate that under our restricted appellate jurisdiction a majority of the court holds that there is not sufficient showing to justify conflict certiorari.
In view of the foregoing, I concur in the judgment in order that the cause may be returned to the chancellor for reexamination of the alimony awarded, and to make an adjustment in accordance with the new situation with which the trial court will find itself confronted by virtue of the decision of the District Court of Appeal, and to make appropriate reduction.
CALDWELL, J., concurs.