180 So.2d 360 (1965)
Herbert C. ANDERSON, Appellant,
v.
Angela M. ANDERSON, Appellee.
No. 65-220.
District Court of Appeal of Florida. Third District.
November 9, 1965.
Rehearing Denied December 9, 1965.
*361 Claude Pepper, Miami Beach, C.H. McWilliams, Coral Gables, Louis Schneiderman, Miami, and Lawrence Renfroe, Tallahassee, for appellant.
Rutledge & Milledge and Stuart L. Simon, Miami, for appellee.
Before TILLMAN PEARSON, CARROLL and SWANN, JJ.
SWANN, Judge.
The appellant-husband, defendant below, appeals an order denying his petition for a decrease or elimination of alimony and for a reduction of child support payments; and also the chancellor's award of $1,000.00 to the wife as counsel fees for legal services rendered during the course of certiorari proceedings before the Supreme Court of Florida. (Anderson v. Anderson, Fla.App. 1964, 153 So.2d 24, cert. discharged Fla. 1964, 164 So.2d 3). The appellee-wife cross assigns as error the denial of her petition for an increase in alimony and child support.
On January 10, 1962 a final decree of divorce was entered awarding the wife alimony of $400.00 per month and an additional $600.00 per month for the support of their three school age minor children, whose custody was awarded solely to the wife. In addition, the wife acquired a one-half interest in the marital home and other assets. The wife appealed the award to the husband of sole ownership of a note and mortgage, and this court found that she was correct in her contention that she was entitled to a one-half interest in the same. (Fla.App. 1964, 153 So.2d 24).
The husband's petition for a writ of certiorari to the Supreme Court from the decision of this court was discharged and the petition dismissed, when the Supreme Court determined it lacked jurisdiction. (Fla. 1964, 164 So.2d 3). The majority opinion stated however, that "the Circuit Court in its further consideration of the rights of the parties will take into consideration all facts existing at that time including the fact that the wife's income is augmented by the decision of the District Court of Appeal that she is entitled to a joint interest in the note and mortgage." A *362 special concurring opinion agreed the Supreme Court had no jurisdiction, but stated that the cause should be returned to the chancellor for re-examination of the alimony awarded and an appropriate reduction made in accordance with the new situation.
The wife's petition for an increase in alimony and child support was pending in the trial court when the Supreme Court released its opinion. The Supreme Court did not rule on the wife's request for counsel fees in connection with the defense of the petition for certiorari. The wife then filed a motion for counsel fees in the trial court. Subsequent to the Supreme Court's opinion, the husband filed a petition for modification of the alimony and child support payments.
At the hearing on these petitions in the trial court, the husband claimed the wife was capable of working and earning a living and that if she invested the entire estate derived by way of the divorce, there would be no need for contributions as alimony. The wife claimed that she had a continuing monthly financial need of $1,600.00 in order to maintain the very high standard of living that was enjoyed during coverture and that the husband's income had increased substantially since the final hearing in 1961. The chancellor's order denied both the husband's and wife's petitions for modification, leaving the alimony at $400.00 a month and child support payments at $600.00 a month. Attorney's fees were awarded to the wife's counsel in the sum of $1,500.00, of which $1,000.00 was for services rendered during the course of the certiorari proceedings before the Supreme Court. A petition for rehearing was denied and this appeal followed.
The husband on appeal contends that the wife, while married to him, accumulated an estate of $53,000.00 due to his generosity; that the wife possessed ability to provide for her own adequate and comfortable support as an able-bodied, well-educated and experienced person; and that it was an abuse of discretion for the chancellor to award a total of $1,000.00 to the wife for alimony and support.
The husband further contends that since the Supreme Court failed to award attorney's fees to the wife's attorney upon a motion duly made under Rule 3.16(e), Florida Appellate Rules, 31 F.S.A., in the certiorari proceeding on the question of the wife's interest in the note and mortgage, it was then error for the chancellor to award attorney fees for the legal services before the Supreme Court.
The appellee-wife's cross assignment of error states that if the chancellor abused his discretion in any way, he did so by not increasing the total monthly payments to a figure closer to the $1,600.00 which she and the children need to regain the standard of living enjoyed during coverture.
An examination of the record shows that the trial court did re-examine all facts existing at the time of the last hearing, including the fact that the wife's income was augmented by her joint interest in the note and mortgage. The testimony indicated that the wife was still in "need" of alimony and it was stipulated that the husband had the "ability" to pay. The evidence indicates an increase in the husband's income of approximately $14,000.00, subsequent to the hearing which resulted in the original amounts.
The pertinent question before us then is did the trial court abuse its discretion in denying (1) the wife's petition for an increase in alimony, and (2) the husband's petition for a decrease?
The prevailing principles of law are set forth in Ames v. Ames, Fla.App. 1963, 153 So.2d 737, as follows:
* * * * * *
"In Thompson v. Field, Fla. 1951, 54 So.2d 520, it was said:
"`We are unalterably committed to the rule that we will not reverse a Final Decree entered by a Chancellor *363 which is predicated upon conflicting evidence if the record contains competent, substantial testimony to sustain such Final Decree, or, stated in another way, unless the Chancellor's findings were clearly erroneous.' (Emphasis supplied)
"In Cowen v. Cowen, Fla. 1957, 95 So.2d 584, this statement is made:
"`This case was heard before the trial Judge who had the opportunity of seeing and hearing the witnesses and the rule is too well established to require the citation of authorities that where the evidence is heard by the Chancellor and the witnesses are before him, the Chancellor's findings should not be disturbed by the appellate court unless shown to be clearly erroneous.'
"In Di Marco v. King, Fla.App. 1962, 139 So.2d 750, this is said:
"`It is a well-settled rule that where the evidence is heard by the chancellor and the witnesses are before him, the chancellor's findings based upon conflicting evidence should not be disturbed by the appellate court if the record contains substantial testimony to sustain the decree.'
"In Turner v. Noto, Fla.App. 1963, 151 So.2d 303, it is again emphasized:
"`It is a well settled rule that where the evidence is heard by the chancellor, and the witnesses are before him, his findings based upon conflicting evidence should not be disturbed by an appellate court if the record contains substantial evidence to sustain the decree.'
"Thus, it is indicated that the Florida courts make no distinction between the two rules, and that the findings of a Chancellor who has heard the testimony, are entitled to the same weight as is given to the findings of a jury."
* * * * * *
In the instant case, the court did not abuse its discretion, inasmuch as the record contained substantial evidence to sustain the order.
The wife's attorney had filed a motion for a fee in the Supreme Court under Rule 3.16(e), Florida Appellate Rules, but the Supreme Court did not rule on the motion. The rule provides:
"Attorney's Fees. Where attorney's fees are allowable by law for services in the appellate court the request therefor shall be presented by motion filed with the clerk of the appellate court at or before the time of filing the party's first brief, and shall be disposed of at the time the case is disposed of on the merits, unless otherwise ordered by the Court. The motion for attorney's fees shall not be incorporated in the briefs or other bound papers but shall be filed on a separate paper."
By not ruling on the motion, the Supreme Court has, in effect, denied the same and has disposed of it. The chancellor is without jurisdiction to allow an attorney's fee for services rendered in the appellate court without specific authority and instructions from the appellate court to do so. McArthur v. McArthur, Fla. 1958, 106 So.2d 73; Clark v. Clark, 1945, 155 Fla. 574, 20 So.2d 900. The Supreme Court has resolved this issue when it refused to allow an attorney fee to the wife's counsel upon proper motion under Rule 3.16(e), Florida Appellate Rules. To permit the chancellor to now award the same would create confusion and amount to a second appeal on that question.
For the reasons stated the appeal is affirmed as to the order denying the petitions to increase and decrease alimony, and reversed as to the award of $1,000.00 as attorney fees for legal services in the Supreme Court.
It is so ordered.