ALLEN, Chief Judge.
Samuel St. Clair and wife, who were defendants and counter-plaintiffs below, appeal from a judgment entered in favor of the plaintiffs and counter-defendants.
The appellants state the following two points:
POINT I. When a vendor purports to convey all of the realty described in his deed to the vendee and there is no reference at the closing or in any of the solemn documents of the transaction that a substantial water-line easement exists on the realty, can the vendee in possession have rescission and/or set-off by counterclaim to vendor’s foreclosure action?
POINT II. The court erred in giving full weight and credence to appellees’ in- • terested real estate agent’s testimony when this testimony was not substan- • tiated by solemn written documents and directly contradicted and in conflict with appellants’ testimony, and where it was offered to vary, add, detract, explain or contradict the documents of a land transaction.
Point II is concerned with the testimony of a witness, a Mr. Bishop, a realtor in Safety Harbor who negotiated the purchase *291 by the St. Clairs of the property, which consisted of ten acres, for a purchase price of $18,000.00. Bishop stated that the St. Clairs had been informed of the easement complained of in this suit prior to the closing- of the transaction. Bishop also said he had shown the St. Clairs a plat of the property, which reflected the existence of the easement, and told them that the total sales price of the property was reduced from $20,000.00 to $18,000.00 because of the easement.
No objection was made by the appellants to any of the testimony given by Bishop and they now attempt to raise the question of varying the terms of “solemn documents” by parole. The appellants cannot at this time raise a question that was not raised before the trial court. In the case of Ross v. Florida Sun Life Insurance Co., Fla.App. 1960, 124 So.2d 892, 895, we held that the parties are confined on appeal to those points raised and determined in the trial court. If appellants had objected below, the trial judge could have determined this question. A party cannot stand idly by and wait until his case reaches the appellate court to raise a question which, if proper, could have been .determined by the trial judge.
As to Point I, the able trial judge, after hearing the testimony, entered a judgment of foreclosure for the appellees and ruled against the appellants upon their counterclaim, the subject of which was a water easement, approximately SO feet in width and 703.17 feet long, running across the property. The Court found:
" * * * This easement was originally granted by Plaintiffs predecessors in title in 1930, when it was recorded in the Public Records of Pinellas County, Florida. This easement was subsequently, in 1940, deeded and set-over to the City of St. Petersburg, Florida. The Defendants in their pleadings and proof contend, that the easement interferes with and prevents utilizing the lands for subdivision purposes, which they contend is the purpose for which the lands were purchased. It is further contended, that Defendant has no knowledge of the existence of the easement until the Mortgage Foreclosure was instituted, and that by virtue of the existence of the easement and Defendants’ ignorance of the same, at the time of the purchase, coupled with Plaintiffs warranty of title in the deed given to the Defendant, that Defendants are either entitled to recission [sic] of the note and mortgage, or, in the alternative, that their obligation to pay Plaintiff $13,-500.00 ought to be mitigated by the amount that the lands in question are depreciated in value by the existence of the easement for the water line.
“The Defendants admit, that prior to and during the negotiation of the purchase, they observed on the land a water spigot, and were aware that the spigot was connected to some water supply, but deny any other knowledge which would have lead them to an awareness of the existence of the easement, and, as a matter of fact, the Title Insurance Policy given to the Defendants by a Title Company insuring their title of the land, fails to mention the existence of the easement. The Real Estate agent, Bishop, who negotiated this sale, testified, however, that the Defendants were informed by him of the easement, and that in his office Defendants were shown a plat which reflected the existence of the easement; to the testimony of the Real Estate agent, the Defendants testified that they had no recollection of it, nowithstanding, Mr. Bishop testified, that the sale price of the land was reduced from an original price of $20,000.00 to $18,000.00 on account of the easement.
“The Court finds, that in going into possession of the land in 1961, and thereafter enjoying the benefits and fruits thereof, and even continuing to cultivate the land with a water hydrant staring them in the face and never complaining, that Defendants ought not now be able to set-up as a defense to a Mortgage Foreclosure, failure of consideration. This conclusion *292 is further bolstered by the testimony of the Real Estate agent Bishop, the only disinterested party who testified. His testimony, when subjected to the test and criteria, that a trier of fact must apply to the testimony of witnesses, preponderates in favor of the Plaintiff.”
 We have studied the evidence in the case and determine that the question involved in this case hinges upon a fact question which should not be disturbed by the appellate court unless such findings are shown to be erroneous. These findings are entitled to the same weight as given to the findings of a jury. See Budd v. Tison, Fla. 1950, 47 So.2d 12; Ames v. Ames, Fla.App. 1963, 153 So.2d 737.
Finding no error, we affirm the lower court.
PIERCE and KANNER, (Ret.), JJ., concur.