ERVIN, Justice
(dissenting).
This is a second appearance here of this divorce case. We are petitioned by the divorced husband, Herbert C. Anderson, to review by certiorari the decision of the District Court of Appeal, Third District, affirming a decree of the chancellor relating to alimony. See Anderson v. Anderson, 180 So.2d 360.
In an earlier review we denied certiorari. See Anderson v. Anderson, Fla., 164 So.2d 3. There we refused to disturb a decision of the District Court, Third District, holding that the divorced wife owned a joint interest with her divorced husband in a note and mortgage. See also Anderson v. Anderson (Fla.App.1963), 153 So.2d 24. However, in our denial we noted our assumption that on remand the augmentation of the wife’s income or separate estate by said decision decreeing her a joint ownership in the note and mortgage after the original alimony decree should have pertinent bearing in the final disposition of the case, included the amount allowed as alimony. In a concurring opinion two of the Justices indicated such augmentation should result in an adjustment of the original award of alimony by way of appropriate reduction of alimony. See Anderson v. Anderson, 164 So.2d 3, text 4 & 5.
This assumption was based upon the fact it has long been settled that a wife’s separate estate — whether acquired before or during marriage from her own efforts or those of her husband — is a relevant factor in determining her need for alimony. Chaires v. Chaires (1864), 10 Fla. 308, 315; 10 Fla.Jur. Divorce and Annulment Sec. 166; Raley v. Raley (Fla.1951), 50 So.2d 870; Kahn v. Kahn (Fla.1955), 78 So.2d 367; and Heller v. Heller (Fla.App.1963), 151 So.2d 35.
In this certiorari review of the latest decision of the District Court of Appeal our assumption did not materialize. The opinion recites a hearing on alimony was held by the chancellor and that he re-examined all of the facts including the fact the wife’s estate or income had been augmented as hereinbefore stated. Anderson v. Anderson, supra, 180 So.2d 360, text 362. He then *910 denied the divorced wife’s petition for an increase of alimony and the divorced husband’s petition for a decrease of alimony.
The opinion of the District Court does not show that the said augmentation of the wife’s estate was accorded pertinent bearing by the chancellor in determining her needs for alimony. The chancellor failed either to reduce the alimony because of the augmentation or to make a finding that there had been an increase of the divorced wife’s needs for support which the income from the augmentation supplied since the original alimony award. The chancellor did not make it appear by appropriate finding of fact whether he considered the augmentation was a relevant material factor in his denials of the two petitions.
On appeal the District Court in affirming the chancellor rested its decision on the sole ground the chancellor had re-examined all facts, including the augmentation and decided no increase or decrease in alimony was justified. It refused to disturb the chancellor’s second decree because it found it amounted to a factual determination within the chancellors’ discretion. Overlooked, however, by the District Court is that we had noted that on remand said augmentation of the divorced wife’s income would have pertinent bearing in determining her needs for alimony. This assumption or notation was in effect a “law of the case” direction. It called for a specific finding by the chancellor as to the effect of the augmentation upon the divorced wife’s needs for further support.
In this posture of the case on remand it was the duty of the chancellor to make an express finding of fact as to the pertinency or relevancy of said augmentation as a material factor affecting the need for further alimony. Failing to do this the chancellor departed from the directive and abused his discretion. The District Court should not have affirmed under these particular circumstances.
The decision of the District Court not only conflicts with “the law of the case” principle (McGregor v. Provident Trust Co., 119 Fla. 718, 162 So. 323 and Marquette v. Hathaway (Fla.) 76 So.2d 648) but in this particular case it also conflicts with the cited cases holding that a wife’s separate estate or income is a material relevant factor in determining her needs for alimony support.
Ordinarily a factual determination by the chancellor as to the amount of alimony to be allowed will not be disturbed upon appellate review. But in this case the situation is different. Here there was a continuation of the case from our decision reported in 164 So.2d 3. There was involved a consideration of the wife’s separate estate which had been materially enhanced after the original alimony award. It was anticipated by us that on remand the original alimony award would be reconsidered and a specific finding would be made by the chancellor as to the effect of said enhancement upon the wife’s needs. Such was a condition to our denial of certiorari in the first case. It does not suffice in this latter posture of the case that the question of the divorced wife’s needs after her original allowance of alimony can be answered without a definitive finding or explanation of the impact of the augmentation.
The decision of the District Court of Appeal, Third District, should be quashed with directions that it be remanded and reconsidered in the light of this opinion. I must therefore dissent from the majority view discharging the writ.
ROBERTS, J., concurs.