401 F.2d 439
 BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION, as
Executor of the Estate of Oscar Schneider, also
known as Oscar M. Schneider, Deceased, Appellant,
v.
George G. LERNER, also known as Guy G. Lerner, Appellee.
 No. 25281.
 United States Court of Appeals Fifth Circuit.
 Oct. 11, 1968, Rehearing Denied Nov. 14, 1968, See 404 F.2d
339.
 
 Michael Weintraub, Miami, Fla., for appellant.
 Joseph I. Davis, Miami, Fla., for appellee.
 Before POPE,* TUTTLE and CLAYTON,** Circuit Judges.
 TUTTLE, Circuit Judge:
 
 
 1
 This is an appeal from a decision of the United States District Court for the Southern District of Florida holding that Lerner, the survivor, was entitled to the funds remaining in a joint bank account with a right of survivorship as against the executor of the estate of the deceased codepositor. This is a diversity case, and the court sitting in Florida, the law of that state is controlling.
 
 
 2
 Appellee, Dr. Lerner, and deceased, Oscar Schneider, struck up an acquaintance resulting in a close personal friendship sometime during 1959-1960. Beginning in 1963 and for some two years following until the death of Schneider in October, 1965, the two shared an apartment in Miami and utilized a joint checking account with a survivorship agreement established on November 21, 1963, at the First National Bank of Miami. The parties stipulated prior to trial that the account was initially created to pay expenses 'incident to the abode shared by the said parties'. It was further stipulated that both Schneider and Lerner separately from time to time deposited their own separate monies in said account and that each drew checks upon the account.
 
 
 3
 On or about September 29, 1965, Oscar Schneider executed a check payable to the order of the First National Bank of Miami in the amount of $20,000. At the pre-trial stipulation, the parties agreed that Schneider made out a deposit ticket dated September 29, 1965, for this check with the account number (32-902-9) of the joint account imprinted on the ticket. Shortly thereafter on October 1, 1965, Oscar Schneider became gravely ill and was admitted to Cedars of Lebanon Hospital in Miami where he remained until his death, October 13, 1965. Lerner, being a close personal friend of Schneider's, visited with him constantly until his death, and, in a manner not explained at the trial, Lerner got possession of the check and deposit slip at the hospital on October 5, 1965. On that same date, Lerner endorsed the check 'For Deposit only Oscar M. Schneider 32-902-9' and deposited the check into the joint account. After Schneider's death on October 13, 1965, Lerner withdrew the balance of the account.
 
 
 4
 The trial judge's finding of law and facts pertinent to this appeal are: (1) that on November 21, 1963, Schneider and Lerner personally signed and opened a joint and survivor bank account at the First National Bank of Miami; (2) that Schneider and Lerner each contributed his own separate funds to the joint bank account, and each separately drew checks thereon, and each had a present interest in the funds therein at the time of the death of either of them; (3) that on September 29, 1965, Oscar Schneider personally drew his check in the sum of $20,000 and personally prepared a deposit slip for said check to the joint and survivor bank account which said check and deposit slip were received by the First National Bank of Miami and marked 'Paid,' on October 5, 1965; (4) that Florida Statute 689.15, F.S.A. provides for the right of survivorship by means of a joint bank account with right of survivorship, by express provision in the instrument creating the estate; (5) that Oscar Schneider intended to create a right of survivorship to the funds in the joint bank account and did so with respect to Dr. Lerner; (6) that Schneider's donative intent was 'amply demonstrated' by the fact that he personally prepared the check and the deposit slip; (7) that Lerner had a present interest in the joint bank account on November 21, 1963, when it was created, which included the proceeds of the check for $20,000 dated September 29, 1965, and that pursuant to the opinion in Maier v. Bean, 189 So.2d 380 (Fla.App.1966), Lerner, as the survivor, was entitled to the funds in the joint bank account. Finally, the court found Lerner was entitled to all the funds remaining in the joint bank account, the plaintiff having failed to present clear and convincing evidence to the contrary.
 
 
 5
 Appellant-executor asserts first that the district court erred in holding that Lerner acquired a survivorship interest in the joint account from its inception when that account was created solely to pay joint household expenses. Appellant relies heavily on the leading Florida case of Spark v. Canny, 88 So.2d 307 (Fla.1956). The Spark case held that
 
 
 6
 * * * where a joint bank account with right of survivorship is established with funds of one person * * * a gift of the funds remaining in the account at the death of the creator of the joint account is presumed; but such presumption is rebuttable and may be overcome by clear and convincing evidence to the contrary. 88 So.2d at 311, 312.
 
 
 7
 Appellant contends the pre-trial stipulation that the fund was created initially for the payment of household expenses conclusively rebuts the presumption of gift in favor of Lerner. Appelled also relies on the Spark case as affording him the presumption of a gift and states that no clear and convincing evidence was produced to rebut the presumption.
 
 
 8
 At the outset, it must be observed that the Spark rule does not literally apply to the facts of this case. The Spark holding applies only where the joint bank account was established with funds of one person. In the Spark case itself, the evidence showed that the account was created solely with the funds of an elderly lady and that it was only a joint account so that her daughter could draw funds on it to pay the elderly woman's medical expenses. The court's pronouncement in that case that a gift was to be presumed was largely based on the fact that the funds all belonged to one person. In the case where both parties contribute funds to an account established for a special purpose, there is no presumption of gift logically or under Florida law. If two parties contribute funds for some special purpose, it is unlikely that they intended to make mutual gifts. This would certainly be a circuitous route to follow in order to bestow favors on one another. It is much more likely that such an account was established for the sake of convenience only. 38 C.J.S. Gifts 50, p. 836. In addition, the Florida courts do not presume a gift from every survivorship account agreement. As we have stated, the presumption of Spark v. Canny applies only where the funds belong to one individual. Further, in North Shore Bank v. Shea, 148 So.2d 60 (Fla.App.1963), the court, in reversing a lower court judgment for the survivor, specifically held that whether or not the survivor conclusively proved a joint account with right of survivorship was irrelevant if the funds were contributed by more than one party. Since it had been shown that the account was established for convenience in taking care of joint expenses, the majority remaded the case for a determination as to 'whether the facts adduced at the trial showed a gift inter vivos or an attempted testamentary transfer'.
 
 
 9
 Having decided that no presumption of gift attached to the funds in this joint bank account, there remains only the question of whether Mr. Schneider intended to use the account for the purpose of making a valid in praesenti inter vivos gift to Lerner. Initially, the burden of proof rests on Lerner to establish each and every element of such a gift by clear and satisfactory evidence. Burke v. Coons, 136 So.2d 235 (Fla.App.1961). The essential elements of a gift are, of course, some expression of present donative intent and delivery. The trial judge found an expression of donative intent on Schneider's part, citing the preparation of the $20,000 check and deposit slip to the joint account as 'ample' demonstration of such a motive.[1] While there was evidence offered to rebut the evidence which tended to demonstrate the donative intent of Schneider, the trial judge was free to decide this issus of fact and his decision is entitled to the protection of the 'clearly erroneous' rule on appeal. Rule 52(a), Federal Rules of Civil Procedure. However, there is no specific finding that the evidence demonstrated present donative intent, and under Florida law, this is a highly significant distinction.
 
 
 10
 In a recent Florida case, a joint bank account with a survivorship agreement was entered into not long before the decedent's death. In holding for the executor 0f the estate, the Florida Supreme Court illuminated the distinction between present donative intent and intent to make an in futuro disposition of property.
 
 
 11
 * * * the sole intent of the creator was to make a gift effective only upon the death of the creator. Therefore the establishment of the joint bank account was an ineffectual attempt to do that which could only be accomplished by last will and testament. Chase Federal Savings and Loan Association v. Sullivan, 127 So.2d 112, 114 (Fla.1960).
 
 
 12
 The record in this case contains no showing whatever that Schneider intended to make a present gift to Lerner of the $20,000. Thus, even though donative intent has been demonstrated, such donative intent may well have been of a testamentary character, and clearly this cannot be given effect in Florida without compliance with the Statute of Wills.
 
 
 13
 Assuming arguendo that present donative intent was demonstrated on the facts of this case, appellee would still have the problem of sustaining the burden of proof on the element of delivery. Without the Spark v. Canny presumption to buttress his presentation, Dr. Lerner has not demonstrated that there was a bona fide delivery to him of the check and deposit slip. With regard to delivery, there are, as appellee aptly states, 'voids in the record'. This is largely because the Florida Dead Man's Statute, F.S.A. 90.05, was employed by counsel for Bank of America in order to prevent any direct testimony by Dr. Lerner as to how the check and deposit slip came into his possession. The record reveals only that Dr. Lerner got possession at the hospital in some patient's room. This meager information is certainly insufficient to provide a basis for an inference of valid delivery. Moreover, the record is silent as to any authority in Dr. Lerner to endorse the check for deposit. The evidence adduced at trial would comport just as well with appellant's underlying thesis that Dr. Lerner abused his position of confidence and trust to obtain possession of the vital instruments. We intimate no concurrence with such a view of Dr. Lerner's activities when we say that he has not come forward with sufficient evidence to sustain the burden of proof on delivery.[2]
 
 
 14
 Appellee urges the recent case of Maier v. Bean, 189 So.2d 380 (Fla.App.1966), as clarifying that Spark v. Canny does indeed establish a presumption of gift in these cases, thus rendering the foregoing analysis as to the absence of present donative intent and lack of delivery irrelevant. He insists that the Maier holding expressly shifts the burden of proof to the executor in the survivorship account cases. However, a close reading of that opinion demonstrates that appellee has misinterpreted the court's emphasis. It is true that the court cited Spark v. Canny as establishing the presumption of gift proposition, but the Maier court proceeded to analyze the situation before it in other terms.[3] The burden of proof was placed upon the survivor in specific terms: 'What primarily needs to be shown in these situations is the donor's intent to give the donee a present right of ownership of a one-half undivided interest in the account.' 189 So.2d at 382. Thus, even where the funds concededly all belong to one of the co-depositors, Florida law requires that the alleged donee must demonstrate present donative intent before his right to the funds as a survivor can be established. Appellee's misplaced reliance on Maier can be understood because the holding was for the survivor. But the survivor in the Maier case presented a wealth of evidence of donative intent including the alleged donor's statement that 'I want to share my life with you and I want to share everything I have with you.' 189 So.2d at 383. There was also evidence that the donor told officers of the bank that he had established the account so that the money would belong to the donee. Most importantly, the account was opened for no special purpose at all other than the generosity of the depositor. Appellee cannot point to one similar piece of evidence in the case sub judice, and it is this failure to carry the burden of proof that underlies our reversal of the able district judge's holding.
 
 
 15
 The one last hope for appellee apparently is his reliance on the gift causa mortis theory. However, again there is a complete failure to present adequate evidence to sustain such a contention. There is no adequate showing of intent, and further, there is no evidence that the donee made any mention of a gift before the donor's death, a very significant element in establishing a gift causa mortis under Florida law. Josephson v. Kuhner, 139 So.2d 440 (Fla.App.1962). Florida judicial attitude does not favor gifts causa mortis, and it is clear that on the record before us a Florida court would find that a gift causa mortis was far from satisfactorily established. Josephson v. Kuhner, supra.
 
 
 16
 In conclusion, we emphasize that the law of Florida only purports to presume a gift when the survivorship account contains the funds of one sole depositor. Even then, some evidence of present donative intent is required for the survivor to prevail. The survivor, appellee, has not brought himself within the presumption, nor has he sustained the burden of proof to show a present gift under Florida law. Accordingly, the decision of the trial court is
 
 
 17
 Reversed.
 
 
 
 *
 Of the Ninth Circuit, sitting by designation
 
 
 **
 Judge Clayton, the third judge constituting the court, participated in the hearing and the decision of this case. The present opinion is rendered by a quorum of the court pursuant to 28 U.S.C.A. 46, Judge Clayton having taken no part in the final draft of this opinion due to illness
 
 
 [1]
 In support of the trial judge's findings, the record is replete with testimony that Schneider intended to make a gift to Lerner, but there is no evidence that the intention was to make a present gift rather than a disposition of funds upon death
 
 
 [2]
 It may be noted that the trial judge made no finding on the fact question of adequate delivery; thus, there is no finding of the trial judge to be buttressed by Rule 52(a) on this appeal with respect to that issue
 
 
 [3]
 The court in Maier surely cited and relied on Spark v. Canny because the funds in Maier were also all contributed by one depositor, unlike the case at bar where both Schneider and Lerner made frequent contributions and withdrawals