666 So.2d 1025 (1996)
Beatrice KATZ, Appellant,
v.
Norman KATZ and David Katz, Executors of the Estate of Joseph Katz, Deceased, Appellees.
No. 94-2391.
District Court of Appeal of Florida, Fourth District.
January 24, 1996.
*1026 Peter Sachs and Stephen J. Aucamp of Jones, Foster, Johnson & Stubbs, West Palm Beach, for appellant.
Charles M. Auslander and Steven S. Goodman of Greenberg, Traurig, Hoffman, Lipoff, Rosen & Quentel, P.A., Miami, for appellees.
WARNER, Judge.
This is an appeal of a final judgment of the probate court determining that the appellant, as surviving spouse of the decedent, had failed to establish her claim to a constructive trust of securities in the decedent's name which had been purchased with funds withdrawn from their joint accounts. She also claimed that pursuant to a prenuptial agreement in which the decedent had promised to apply "all" of his income to the support of the appellant and the decedent, she was entitled to all of her former husband's income remaining in his individual account and in stocks held in his name which had been purchased through reinvestment of his stock dividends. We affirm the order of the trial court.
The appellant and the decedent entered into a prenuptial agreement prior to their marriage in 1979. The agreement permitted the decedent to separately own and retain rights in all premarital assets and all income that he derived therefrom against any claim by the appellant. The agreement also provided that upon the death of either party, all funds held in joint bank accounts would become the property of the survivor. The appellant waived her right to all other property of the decedent then owned or thereafter acquired. However, the agreement also provided that gifts between the parties were not precluded and it allowed for the creation of joint ownership in property after the marriage if both parties so desired. Nevertheless, the terms of the agreement specifically stated that nothing in the agreement or the provision concerning gifts required or promised the creation of joint ownership or the giving of any gift or bequest.
During the marriage, the couple opened joint accounts which the parties stipulated at trial were all held as joint tenancies with the right of survivorship. The majority of funds deposited in these accounts belonged to the *1027 decedent. Both parties wrote checks from all of the joint accounts. According to the appellant, she would sign checks withdrawing funds from these joint accounts and give them to the decedent with the belief that he was using them to purchase securities in both of their names. However, the securities were purchased only in the decedent's name. The appellant now claims that because the money to purchase these securities came from joint accounts, she is entitled to the securities.
The trial court determined that the appellant did not have an interest in these securities. Relying upon the provisions of the prenuptial agreement, the court concluded that the decedent had the right to retain all premarital assets and income generated therefrom, and that it was the appellant's burden to demonstrate that the funds used to buy the disputed securities were not from this source. Concluding that she had not met this burden, the court ruled that she had no interest in the securities.
The appellant, however, contends that the trial court ignored the provision of the agreement which allowed gifts between the parties and that the decedent's deposit of his premarital property in the joint account created the presumption that a gift was intended under Florida law. However, the presumption which arises under Florida law is that a gift of funds remaining in a joint account at the death of the creator is presumed. See In re Estate of Combee, 601 So.2d 1165, 1166-67 (Fla. 1992). The appellant relies on Goldstein v. Goldstein, 310 So.2d 361, 365-66 (Fla. 3d DCA 1975), in attempting to show a broader inter vivos gift presumption in support of her claim that the decedent's deposit of premarital property into their joint account should be presumed to be a gift. As authority for this proposition, however, Goldstein cites cases which refer to an inter vivos gift presumption in the context of property held by tenancy by the entireties. See Calligarich v. Calligarich, 256 So.2d 60 (Fla. 4th DCA 1971); Witlin v. Witlin, 153 So.2d 70 (Fla. 3d DCA 1963); Lauderdale v. Lauderdale, 96 So.2d 663 (Fla. 3d DCA 1957). Therefore, Goldstein does not support the proposition that a presumption of an inter vivos gift is created upon the opening of a joint account with right of survivorship. The parties appear to have treated these accounts as ones of convenience rather than of gift. Since there was no other evidence which showed that the decedent had intended that his deposit of his premarital assets in these joint accounts as a gift of these monies to the appellant, the trial court did not err in failing to determine that a gift had been created.
Construing the prenuptial agreement as a contract, the trial court determined that the decedent was entitled to use his premarital assets and income derived from these assets for purposes free from the appellant's claims, despite the fact that his premarital assets had been deposited into the parties' joint accounts. Thus, the decedent had the authority to withdraw his assets and use them to purchase securities in his name, free from a claim of the appellant. A probate court order is clothed with a presumption of correctness, and it is the appellant's burden to demonstrate that the findings are clearly erroneous. In re Guardianship of Walpole, 639 So.2d 60, 63 (Fla. 4th DCA 1994). The appellant has not done so here.
As a fallback position, the appellant also argues that her interest in the joint accounts continued in the funds after their withdrawal, citing In re Guardianship of Medley, 573 So.2d 892 (Fla. 2d DCA 1990), appeal dismissed, 629 So.2d 134 (Fla. 1993). We need not address this issue both because our court has recently disagreed with Medley in Sitomer v. Orlan, 660 So.2d 1111 (Fla. 4th DCA 1995), and because of our affirmance of the trial court on the first line of reasoning.
Finally, the appellant claims that she should have been awarded funds remaining in an individual account of the decedent and shares of stock accumulated through dividend reinvestment of premarital assets. She bases this claim upon a provision in the prenuptial agreement in which the decedent agreed to apply all of his income to the maintenance and support of the appellant and himself. We agree with the trial court's rejection of the appellant's position. For one thing, the agreement to use "all of his income" *1028 directly conflicts with the preceding provision of the agreement which states that the decedent can retain all rights in income derived from premarital assets. Thus, the agreement is at best ambiguous. The trial court determined that:
The only reasonable interpretation of Paragraph 8 is that Joseph was required to use as much of his income as was necessary to properly maintain and support himself and Beatrice, which he did. Paragraph 8 does not say that Joseph would be required to give all of his income to Beatrice, as she now seeks, and such interpretation would indeed have deprived Joseph of the ability to support and maintain himself. Paragraph 8 also did not require Joseph to spend every cent of his income on the maintenance and support of Beatrice and himself, an interpretation which would not only require unduly profligate expenditure but would leave no money available for any other purposes. These are the types of unreasonable interpretations the Court must avoid.
A court must construe a contract in a manner that accords with reason and probability. Triple E Dev. Co. v. Floridagold Citrus Corp., 51 So.2d 435, 439 (Fla. 1951). It should avoid an absurd construction. American Medical Int'l, Inc. v. Scheller, 462 So.2d 1, 7 (Fla. 4th DCA 1984), rev. denied, 471 So.2d 44 (Fla.), cert. denied, 474 U.S. 947, 106 S.Ct. 345, 88 L.Ed.2d 292 (1985). The trial court's construction is reasonable and avoids absurdity. The appellant and the decedent lived a comfortable lifestyle, not wanting for anything. The prenuptial agreement does not give the appellant the right to the accumulated, unspent income of the decedent.
Affirmed.
PARIENTE and SHAHOOD, JJ., concur.