997 So.2d 458 (2008)
Patricia CRAISSATI, Appellant/cross-appellee,
v.
Andrew CRAISSATI, Appellee/cross-appellant.
No. 4D07-1506.
District Court of Appeal of Florida, Fourth District.
December 10, 2008.
Rehearing Denied January 23, 2009.
Steven Cripps of Law Offices of Orsley & Cripps, P.A., West Palm Beach, for appellant/cross-appellee.
Lewis Kapner and Allison L. Kapner of Lewis Kapner, P.A., West Palm Beach, for appellee/cross-appellant.
BARZEE FLORES, MARY, Associate Judge.
When these former spouses divorced in 2001, the final judgment for dissolution of marriage incorporated their marital settlement *459 agreement pursuant to which it was agreed that the former husband (Husband) would provide eight years of alimony to the former wife (Wife). The agreement provided for termination of alimony as follows:
Any future alimony payments owed to the Wife ends [sic] upon the death of either party, remarriage, or cohabitation with another person other than the parties' child. "Cohabitation" shall be defined as the Wife living with another person (not including the parties' child) for a period of 3 (three) consecutive months or more. The terms and nature of alimony shall not be modified by either party for any other reason except for a significant and proven decline in the Husband's income or financial condition.
It also provided that Husband's alimony obligation would not be modified or the length of time extended for any reason other than those specifically provided for in this agreement.
Subsequent to the Final Judgment, Wife was sentenced to nine years in prison in connection with criminal convictions for driving under the influence, leaving the scene of an accident and causing serious bodily injury. Husband thereafter filed a petition for modification of alimony arguing that the incarcerated Wife was cohabitating with her cell mate.
During the evidentiary hearing, the parties stipulated that Wife's incarceration met the agreement's definition of "cohabitation."

The Court: Okay. So just so the record is clear, the Former Wife agrees that as the word "cohabitation" is defined in the marital settlement agreement, she is cohabitating... with another person other than the parties' child?

Wife's Counsel: Yes.
Although the trial court found both that the agreement's definition is controlling and that the definition of the term "cohabitation" is not ambiguous, it concluded "that to construe the term `another person' as set forth in ... the Marital Settlement Agreement to include a `prison inmate' would be an absurd result, unthinkably bizarre and at odds with any reasonable interpretation intended by the agreement drafters." The trial court also found that it would be similarly absurd to require Husband to continue paying the agreement level of alimony while Wife was in prison and ordered the case scheduled for an evidentiary hearing to determine the amount of reduced alimony, retroactive to the petition date, based on Wife's needs as a prison inmate.
It is from the ensuing order which reduced but did not terminate Husband's alimony obligation that Husband and Wife now appeal.
Reviewing this issue de novo, Avellone v. Avellone, 951 So.2d 80 (Fla. 1st DCA 2007), we note that "[i]t is well-established that the statutory right to petition for modification of an alimony award may be intentionally or impliedly waived and that the waiver may be stated in express terms or through interpretation of the agreement as a whole." Cunningham v. Cunningham, 499 So.2d 880, 882 (Fla. 1st DCA 1986). In this case, the parties waived the statutory right to modification of alimony by expressly authorizing (1) modification based solely upon a significant decline in Husband's income, and (2) termination based upon death, remarriage, or cohabitation.
Here, the relevant provision of the marital settlement agreement is unambiguous and neither party argues otherwise. Indeed (and significantly), Wife stipulated that her incarceration meets the agreement's *460 definition of cohabitation. Such a stipulation is binding not only on the parties but also on the court. Griffith v. Griffith, 860 So.2d 1069 (Fla. 1st DCA 2003).
Because Wife has agreed that her living with a cellmate amounts to cohabitation as that term is defined in the settlement agreement, and because driving under the influence of drugs or alcohol is a voluntary act which is known to possibly result in incarceration, we cannot say that on these facts such an interpretation of the agreement leads to an absurd result. Accordingly, we reverse the trial court's judgment and direct that a judgment terminating alimony be entered upon remand.
FARMER, J., concurs.
KLEIN, J., dissents with opinion.
KLEIN, J., dissenting.
The former wife's position in the trial court was that, even though the word "cohabitation" is not ambiguous, to apply it here would produce an absurd result. James v. Gulf Life Ins. Co., 66 So.2d 62, 64 (Fla.1953) (recognizing that a clause in an insurance policy was susceptible to a construction in favor of the insured, but that "such a construction would be unreasonable, absurd and produce results never intended or contemplated by the parties."). Other cases applying the absurd result principle are Katz v. Katz, 666 So.2d 1025 (Fla. 4th DCA 1996) and American Medical International, Inc. v. Scheller, 462 So.2d 1 (Fla. 4th DCA 1984).
The trial court characterized the former wife's position in the order on appeal as follows:
[T]o allow termination of alimony due to the Former Wife involuntarily having a female cellmate for 3 consecutive months or more would be an absurd result not anticipated by the parties or by any other form of reasonable contractual analysis. As an example, Former Wife asserted that if she was kidnapped and required to live with her captor, or was long term hospitalized in a semi private room another patient or in the armed forces and had a female serviceperson as a roommate, all for a period of 3 consecutive months or more, it would be ridiculous to terminate her alimony.
It is apparently the position of the majority that its result is not absurd because the wife should have anticipated that her voluntary act of driving under the influence could have landed her in this position when she signed the agreement. That reasoning, however, does not support the result because it is not the incarceration which constitutes cohabitation. It is the mere happenstance that she must share her jail cell with another person, which is the sole factor which makes this cohabitation.
I would affirm the trial court's reasoning that this is an absurd result and hold that the alimony was not modifiable because of the former wife's incarceration.